In the United States District Court for the
Southern District of Illinois

Aaron Fillmore,
        Plaintiff,

    V.

Rob Jeffreys, Director of
the Illinois Department of
Corrections; M. Wise;
L. Cunningham and Dr. Percy
Myers, sued in either
their official and individual
capacities,
        Defendants.

No. _____

22-2705-DWD

JURY TRIAL DEMANDED

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

Now comes plaintiff, Aaron Fillmore, pro se, pursuant to
Title 42 U.S.C. § 1983; 42 U.S.C. § 12101 et seq. and Title
29 U.S.C. § 794 with his complaint and cause of action
against defendants. In support thereof states:

## NATURE OF CLAIM

1.) Plaintiff, Aaron Fillmore, pro se, a state prisoner brings
this action against defendants for their egregious,
arbitrary, retaliatory and deliberate indifference in
violating his constitutional rights under the First, Eighth,
Fourteenth Amendments to the U.S. Constitution, Americans
with Disabilities Act (ADA) and Rehabilitation Act (RA)
for intentionally denying essential medical care for his
serious medical needs and failing to accommodate his
physical disability causing unnecessary wanton infliction
of pain and denial of programs, activities and services.

Page 1 of 34

PARTIES

2.) Plaintiff, Aaron Fillmore, is a state prisoner being held at Lawrence Corr. Ctr.(L.C.C.) in non-disciplinary Administrative Detention (A.D.) status in Sumner, Illinois. He is in the custody, care and control of defendants.

3.) Defendant, Rob Jeffreys, is the Director of the Illinois Department of Corrections (IDOC), a public entity. As Director, he is responsible for the health of plaintiff under the ADA and RA, and accommodations under such. IDOC accepts federal funds.
    He is sued in his official capacity. Defendant's address: 1301 Concordia Ct., Springfield, IL 62794

4.) Defendant, M. Wise, is a Nurse Practioner (NP) at L.C.C. She is resposible for the overall health and wellbeing of plaintiff under constitutional mandates.
    She is sued in her individual capacity for damages and official capacity for injunction relief. Defendant's address: 10940 Lawrence Rd., Sumner, IL 62466

5.) Defendant, Lori Cunningham, is the Health Care Administrator at L.C.C. She is responsible for the overall health and wellbeing of plaintiff under constitutional mandates.
    She is sued in her individual capacity for damages and official capacity for injunction relief. Defendant's address: 10940 Lawrence Rd., Sumner, IL 62466

6.) Defendant, Dr. P. Myers is a medical doctor at L.C.C. He is responsible for the overall care and medical treatment of plaintiff under constitutional mandates.
    He is sued in his individual capacity for damages and official capacity for injunction relief. Defendant's address is: 10940 Lawrence Rd, Sumner, IL 62466

Page 2 of 34

7.) At all times relevant herein defendants acted and continue to act under color of state law.

## JURISDICTION AND VENUE

8.) Jurisdiction and venue is conferred upon this court pursuant to 28 U.S.C. 93(c) as all alleged acts were committed in Lawrence County, Illinois and 28 U.S.C. §§ 1331, 1343 and U.S. Const. Art. 3 § 2 as plaintiff claims federal constitutional rights violations.

## FACTUAL ALLEGATIONS

9.) Plaintiff suffered a serious physical injury and compound fracture to his left wrist and arm in 1982 at the age of seven (7) years old.

10.) Plaintiffs' growth plate in his left wrist/arm was removed causing permanent loss of growth and disfigurement to said wrist and arm.

11.) Plaintiff has had multiple surgeries to his left wrist, radius and ulna bones.

12.) Plaintiff suffers loss of motion, rotation, function and degenerative narrowing of his left radial carpal joint.

13.) Plaintiff suffers ossific density near his left ulnar styloid.

14.) Plaintiff suffers serious acute pain in his left wrist, hand and arm.

Page 3 of 34

15.) Plaintiffs' left arm, radius and ulna bones are three (3) inches shorter then his right arm.

16.) Plaintiffs' permanent left arm / wrist physical injury and disability is clear and obvious to any lay person. Plaintiff has been incarcerated since 1994.

17.) Due to said physical injury and disability plaintiff suffers unnecessary and wanton infliction of pain, painful numbing in wrist, hand and fingers when cuffed behind his back that does not serve any penological purpose.

18.) Plaintiffs' left wrist / arm physical injury and disability is known to each defendant herein.

19.) In June of 2009 plaintiff was diagnosed with arthritis in his right shoulder.

20.) Since the year 2009 plaintiff has suffered loss of motion, function, rotation and acute pain in his right shoulder.

21.) Due to said shoulder injury and arthritis plaintiff suffers unnecessary and wanton infliction of pain when handcuffed behind his back that does not serve any penological purpose.

22.) Since at least the year 2003 plaintiff has been held in non-disciplinary A.D. status, requiring the use of handcuffs, chains and leg shackles everytime he leaves his cell.

Page 4 of 34

23.) Prior to the year 2018 IDOC officials had a custom and practice of either front cuffing or waist chaining plaintiff without any type of medical permit because his wrist/arm injury was clear and obvious, thus, he was not cuffed behind the back with a single pair of handcuffs.

24.) It is impossible to cuff plaintiff behind his back without using excessive force and causing unnecessary and wanton infliction of pain and injury.

25.) Sometime in the year 2018 IDOC officials now required a medical permit for "alternative cuffing".

26.) On January 22, 2018 the L.C.C. M.D. ordered a "Front Cuff" medical permit for plaintiff for his known, clear and obvious injury and disability. See: EXHIBIT A.

27.) On December 20, 2018 plaintiff received a renewal of his medical permit "No cuff behind back". See: EXHIBIT B.

28.) In January 2020 plaintiff was transferred to Pontiac C.C. in A.D. status where he was issued medical permits for waist chain from year 2020 through 2022 due to his known disability. See: EXHIBITS C & D. & E. (Comp. ¶¶9-15)

Page 5 of 34

29.) In March of 2022 plaintiff was transfered back to L.C.C. in A.D. status and his medical permit was continued and ordered by defendant Myers, expiring August 15, 2022. See: EXHIBIT F

30.) On March 25, 2022 a L.C.C. NP ordered x-rays of plaintiffs left wrist due to pain and numbing.

31.) On April 3, 2022 plaintiff requested medical treatment via sick call slip to Health Care for his left wrist, pain and numbing.

32.) On April 11, 2022 plaintiff was examined by a Nurse and prescribed Ibuprofen 200mg.

33.) On April 28, 2022 plaintiff received a x-ray of his left wrist and the Radiology Report clearly shows that his left ulna bone is displaced superior and dorsally, old ulnar styloid fracture, with moderate, chronic and degenerative changes present. See: EXHIBIT G.

34.) On May 4, 2022 plaintiff requested medical treatment for his wrist injury and pain because the Ibuprofen (prescribed 4-11-22) was totally ineffective.

35.) On May 20, 2022 plaintiff was housed in 8 House A.D. Unit and while being examined by defendant Wise, a "Code 3" was called (Medical Emergency) in 5 House and Wise ran out of the room, not providing any medical treatment to plaintiff.

Page 6 of 34

36.) After not receiving any medical treatment for weeks plaintiff wrote defendant Wise on June 1, 2022 requesting medical treatment.

37.) On June 6, 2022 plaintiff complained to the A.D. Unit Sgt. about serious pain and numbing to left wrist and arm. The A.D. Sgt. called defendant Wise on behalf of plaintiff.

38.) On June 11, 2022 plaintiff received pain medication "Meloxicam" 7.5 mg to take two (2) pills per day.

39.) On June 30, 2022 plaintiff informed defendant Wise that said "Meloxicam" was totally ineffective and plaintiff was suffering serious tormenting pain.

40.) On July 10, 2022 plaintiff informed Wise that he was out of pain medication and requested a medical permit renewal.

41.) On July 13, 2022 plaintiff again informed defendant Wise that he was not being provided any medical treatment or pain medication.

42.) On July 18, 2022 plaintiff filed an emergency grievance (grievance # 07-22-178) (granted and expedited an emergency by L.C.C. Warden) against defendants herein because plaintiff was not being provided any medical treatment and suffering serious and tormenting pain, out of pain medication for his known wrist injury and disability and denied medical permit.

Page 7 of 34

43.) On July 22, 2022 plaintiff complained to Lt. Piper, the A.D. Unit Lt, that he was not being provided medical treatment and in serious tormenting pain regarding his wrist injury / disability.

44.) Lt. Piper called defendant Wise on plaintiffs behalf about being denied / not receiving medical treatment.

45.) Shortly thereafter on July 22, 2022 plaintiff saw defendant Wise as she was walking into the A.D. Unit (plaintiff was in the A.D. yard cage) and he respectfully informed and complained to her about not receiving essential medical treatment and out of pain medication for his known wrist / arm injury and disability.

46.) Defendant Wise looked at plaintiff, smiled and laughed, and walked away treating plaintiff as a nusuance.

47.) Defendant Wise deliberately failed to take any corrective action and was intentionally and deliberately indifferent to plaintiffs serious medical needs and disability causing further unnecessary and wanton infliction of pain.

48.) Plaintiffs verbal and written complaints to and against defendant Wise on June 6, 2022, June 30, 2022, July 12, 2022, July 13, 2022, July 18, 2022 grievance, and July 22, 2022 caused her to retaliate against plaintiff by denying him essential medical treatment for his known serious medical needs and disability causing him to suffer further unnecessary and wanton infliction of serious pain.

49.) Plaintiffs complaints motivated defendant Wise to take retaliatory action against plaintiff.

Page 8 of 34

50.) On July 25, 2022 in an act of further retaliation and deliberate indifference to plaintiffs serious medical needs for prior verbal, written and grievance (comp. ¶ 48) defendant Wise refused to renew plaintiffs needed and required medical permit for a waist chain. See: EXHIBIT H

51.) Defendant Wise's retaliatory acts would chill and deter first amendment protected activity from an ordinary prisoner.

52.) On July 26, 2022 plaintiff requested ADA accommodation from defendant Cunningham for his known disability. See: EXHIBIT I.

53.) Plaintiff was denied ADA accommodation by defendant Cunningham with deliberate indifference to his known clear and obvious disability.

54.) Under the ADA, 42 U.S.C. § 12101 et seq. and RA 29 U.S.C. § 794 et seq. plaintiff's disability qualifies him to receive a medical permit for front cuffing or waist chain to attend programs, activities and services (i.e. shower, yard, porter job, law library kiosk, etc.).

55.) As of August 15, 2022 plaintiff is and will be forever denied daily programs, activities and services (i.e. shower, yard, porter job, law library kiosk, etc.) due to his known disability because he cannot be handcuffed behind his back to attend such programs, activities and services. Non-disability inmates are able to attend all programs, activities and services being denied to plaintiff.

Page 9 of 34

56.) On July 31, 2022 plaintiff wrote defendant Jeffreys and IDOC ADA Coordinator about being denied programs under the ADA and RA because of his disability and loss of medical permit. See: EXHIBIT J.

57.) As of the date of filing this instant complaint defendant Jeffreys, the Director for IDOC entity, intentionally and deliberately has failed to take any corrective action to accommodate plaintiff for his known disability under both the ADA and RA.

58.) IDOC Directive No. 05.12.101 relating to plaintiffs' A.D. status authorizes front cuffing or waist chain for plaintiff if medically required or otherwise needed. See: EXHIBIT K.

59.) On July 25, 2022 and July 31, 2022 plaintiff wrote grievances against defendants for being denied medical treatment, permit and acts of retaliation.

60.) On August 2, 2022 plaintiff again was issued the known totally ineffective "Meloxicam" by defendant Wise.

61.) On August 4, 2022 plaintiff again complained to defendant Wise about the totally ineffective "Meloxicam" she prescribes.

62.) On August 5, 2022 plaintiff again was issued the known and totally ineffective medication of "Meloxicam" by defendant Wise in an act of deliberate indifference and retaliation to plaintiffs serious medical needs.

63.) On August 8, 2022 plaintiff again wrote a grievance against defendants for the ineffective medication and denial of medical care.

64.) On August 20, 2022 plaintiff was seen by defendant Myers, where plaintiff again requested a change of medication and renewal of medical permit for his known disability and serious medical need. ( COMP. ¶ 29).

65.) Defendant Myers told plaintiff that per a new policy that plaintiff would not receive any further medical permits for waist chain no matter his disability, injury, pain, discomfort or ADA mandate.

66. Defendant Myers, despite his specific knowledge of a substantial risk of serious pain and harm to plaintiff, willfully and deliberately failed to renew the needed permit and provide any reasonable medical care to plaintiff for his serious medical needs and known disability.

67.) At no time was there any security concern or problem regarding plaintiffs "Front Cuff", "No cuff behind back" or waist chain medical permits for all the years plaintiff had such.

68.) Defendant Myers personal and deliberate action in refusing and denying essential medical care and permit for plaintiffs serious medical needs and clear disability has subjected plaintiff to needless unnecessary wanton infliction of further pain and injury.

Page 11 of 34

69.) On August 24, 2022 plaintiff received "Acetaminophen" 500mg prescribed by defendant Myers that was known to be totally ineffective. Defendant Myers deliberate act in denying all essential medical care to plaintiff has resulted in the denial of the minimal civilized measure of life's necessities and violates contemporary standards of decency that today's society chooses not to tolerate.

70.) Plaintiff suffers immediate and irreparable harm and injury due to defendants Wire, Myers, Jeffreys and Cunninghams deliberate indifference to his serious medical needs and disability, that is likely to reoccur.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

71.) Plaintiff has timely and properly exhausted all available grievance remedies alleging deliberate indifference to his serious medical needs, failure to provide ADA accommodation and retaliation in this matter via grievance #'s 07-22-178, 08-22-008, 10-19-434, 10-19-318, 9-19-631, 10-19-210, 9-19-300, 9-19-479 and 07-22-178. Defendants have denied plaintiff all relief, deliberately failed to take any corrective action or address his complaints properly grieved.

Page 12 of 34

COUNT I

VIOLATION OF

TITLE II OF THE AMERICANS WITH DISABILITY ACT
OF 1990, 42 U.S.C. § 12101 et seq.

72.) The allegations of paragraphs 1 through 71 are incorporated into this Count One as if set forth in full herein.

73.) Plaintiff is a qualified person with a disability.

74.) Defendant Jeffreys, Director of IDOC, State of Illinois entity, denies plaintiff programs, activities and services by not issuing him a medical permit for front cuff or waist chain.

75.) Defendant Jeffreys and his prison officials know of plaintiff's disability, but deliberately disregard such causing serious pain and denial of programs, activities and services to plaintiff.

76.) Defendant Jeffreys and his prison staff personally and deliberately failed and refused to make any reasonable accommodation for plaintiff's disability.

77.) The State of Illinois receives federal funding, for which this Act applies to plaintiff.

COUNT II
VIOLATION OF
REHABILITATION ACT OF 1973 § 504, AS AMENDED,
29 U.S.C. § 794

78.) The allegations of paragraphs 1 through 71 are incorporated into this Count Two as if set forth in full

79.) Defendant Jeffreys and his prison staff have deliberately failed to make any reasonable accommodation for plaintiff's known physical disabilities which substantially limits his major life activities.

80.) Plaintiff has a documented record of his physical disability known to defendants.

81.) Defendant Jeffreys and his prison staff deliberately failed to ensure plaintiff's medical permit be renewed.

82.) The State of Illinois receives federal funding for which this Act applies to plaintiff.

83.) Plaintiff is a qualified person with a disability.

COUNT III
42 U.S.C. § 1983
DELIBERATE INDIFFERENCE TO SERIOUS
MEDICAL NEEDS

84.) The allegations of paragraphs 1 through 71 are incorporated into this Count Three as if set forth in full herein.

85.) Plaintiff has a constitutionally protected right to receive adequate medical care that does not cause cruel and unusual punishment, unnecessary and wanton infliction of pain and injury under the Eighth Amendment to the U.S. Constitution.

86.) Defendants Wise, Myers and Cunningham's deliberate indifference to plaintiff's serious medical needs and refusal to renew his needed medical permit serves no legitimate purpose, for which he suffered unnecessary pain.

87.) Defendants Wise and Myers prescribing ineffective medication caused further unnecessary and wanton infliction of pain and injury to plaintiff in violation of the Eighth Amendment to the U.S. Constitution.

88.) Defendants Wise, Myers, and Cunningham's deliberate act in denying and refusing to provide all reasonable medical treatment to plaintiff's known disability and serious medical needs resulted in the denial of the minimal civilized measure of life necessities causing further injury and unnecessary and wanton infliction of pain in violation to the Eighth Amendment to the U.S. Constitution.

Page 15 of 34

COUNT IV
42 U.S.C. § 1983
RETALIATION

89.) The allegations of paragraphs 1 through 71 are incorporated into this Count Four as if set forth in full herein.

90.) Plaintiff has a First Amendment right to make verbal, written and grievance complaints against the government and state prison employees without arbitrary acts of retaliation that threaten or cause harm him.

91.) Defendant Wise violated plaintiff's first amendment right under the U.S. Constitution by taking adverse action and deliberately retaliating against him for filing grievances (grievance # 07-22-178) on July 18, 2022, June 6, 2022, June 3, 2022, July 10, 2022, July 13, 2022, July 18, 2022 and July 22, 2022 by denying essential medical care and medical permit.

92.) Defendant Wise was motivated to retaliate against plaintiff because of this verbal and written complaints.

93.) Defendant Wise's retaliatory acts against plaintiff would chill and deter an ordinary prisoner from filing grievances, making complaints and protected conduct.

Page 16 of 34

## CONCLUSION

Therefore, plaintiff has plead sufficient facts to state a claim for each alleged count herein and is entitled to the following relief sought and requested.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands a jury trail and prays for the court to enter the following relief and judgment:

A.) Permanent injunction enjoining defendants from rear cuffing plaintiff;

B.) Award nominal damages against defendant Wise for First Amendment violations;

C.) Award compensatory damages of $40,000.— against defendant Jeffreys for ADA and RA violations;

D.) Award compensatory damages of $40,000.— jointly and severally against defendants Wise, Myers and Cunningham for Eighth Amendment violation and for deliberate indifference to plaintiff's serious medical needs;

E.) Award punitive damages against defendant Jeffreys for $40,000.— for violating the ADA and RA;

F.) Award punitive damages against defendants Wise, Myers and Cunningham for $40,000.— each individually for their reckless deliberate indifference to plaintiff's serious medical needs;

G.) a TRO and preliminary injunction ordering defendants to issue and renew his medical permit for front cuffing or waist chain;

Page 17 of 34

H.) Any other relief available to plaintiff under law.

Respectfully Submitted.

Aaron Fillmore
# B63343
Lawrence C.C.
10930 Lawrence Rd.
Sumner, IL 62466

Plaintiff - Pro Se

VERIFICATION

Pursuant to Title 28 U.S.C. § 1746 I, Aaron Fillmore,
declare under the penality of perjury that the foregoing
is true and correct.

Date: 11-16-22

Page 18 of 34

Illinois Department of Corrections
**MEDICAL PERMIT**
**Lawrence Correctional Center**

Offender Name: _Fillmore, Aaron_     Offender Number: _B63343_
Housing Unit: _SEG_

| | | | |
|---|---|---|---|
| ☐ New Order | | ☐ Renewal | |
| ☐ Change | | ☐ Cancel | |

☐ Low Bunk -   Per Physician Orders the above named inmate is to have
☐ Low Gallery - a low bunk/low gallery due to his medical conditions.
           See start Date below.

| | | |
|---|---|---|
| ☐ Medical            ☐ ADA | ☐ State Boots | |
| ☐ Cane | ☐ Special Shoes: _____ | |
| ☐ Orthopedic | | |
| ☐ Crutches | ☐ Contacts | |
| ☐ Other: | | |
| ☐ Walker | | |
| ☐ Slow Walk | ☐ Fan | |
| ☐ Hearing Aid(s) | ☐ C-PAP Machine | |
| ☐ Wheel Chair | ☐ No Gym/Yard | |
| ☐ Other ADA: | ☐ Medical Lay-In | |
| | ☐ Other: | |

Start Date: _1·22·18_     Expiration Date: _____     _FRONT CUFF_ ×

Authorized By:

MD: _____     Date: _1·22·18_

PA: _____     Date: _____

Distribution: Inmate
        Medical Records
            ☐ Clothing
            ☐ Personal Property
            ☐ Placement

*Printed on Recycled Paper*

LAW 0356 (Rev 10/2009)

PLAINTIFF'S
EXHIBIT
_A_

Page 19 of 34

Illinois Department of Corrections
# MEDICAL PERMIT
Lawrence Correctional Center

Offender Name: _Fillmore, Aaron_    Offender Number: _B63343_
Housing Unit: _Seg CU-08_

| ☐ New Order | ☒ Renewal |
|---|---|
| ☐ Change | ☐ Cancel |

| ☐ Low Bunk - | Per Physician Orders the above named inmate is to have | |
|---|---|---|
| ☐ Low Gallery - | a low bunk/low gallery due to his medical conditions. See start Date below. | |
| ☒ Medical | ☐ ADA | ☐ State Boots |
| ☐ Cane | | ☐ Special Shoes: _____ |
| ☐ Orthopedic | | |
| ☐ Crutches | | ☐ Contacts |
| ☐ Other: | | |
| ☐ Walker | | ☐ Fan |
| ☐ Slow Walk | | ☐ C-PAP Machine |
| ☐ Hearing Aid(s) | | ☐ No Gym/Yard |
| ☐ Wheel Chair | | ☐ Medical Lay-In |
| ☐ Other ADA: | | ☒ Other: _No cuff behind back_ |

Start Date: _12/20/18_     Expiration Date: _12/20/19_

Authorized By:

MD: _____    Date: _____

PA: _S. Stover NP-C_    Date: _12/20/18_

Distribution: Inmate
      Medical Records
          ☐ Clothing
          ☐ Personal Property
          ☐ Placement

_Printed on Recycled Paper_

LAW 0356 (Rev 10/2009)

PLAINTIFFS
EXHIBIT
B

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER OUTPATIENT PROGRESS NOTES

LAWRENCE CORRECTIONAL CENTER

Offender Information:

Last Name: Filmore    First Name: Aaron    MI: P.    ID#: B63343

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 12-20-18 7:20 pm | NP Note: Renew front cuff permit. I/M needs front cuff permit renewed which he has had for some time. | X (permit written) No cuff behind the back x 12mo. X Cancel for today. J. Stover NP-C noted T. Webb RN |

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER OUTPATIENT PROGRESS NOTES
### LAWRENCE CORRECTIONAL CENTER

Offender Information:

Last Name: Fillmore    First Name: Aaron    MI: P.    ID#: B63343

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 11/6/19 8:30AM | NP note: Eval. waist chain need. S/O- Chronic wrist/arm disability seen on xrays. A- Permit. | Waist Chain x 12mo (permit given) Follow up as needed. Advised: permit b.th NPC noted K.Sc. |

Page 22 of 34

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

Printed on Recycled Paper

*Inmates Copy*

ILLINOIS DEPARTMENT OF CORRECTIONS

# MEDICAL PERMIT
## Pontiac Correctional Center

FILLMORE  AARON  B63343    N 246

| PRINT Offender's Name | ID Number | Living Unit / Cell Number |

☐ **New Order**    ☐ **Renewal**    ☐ **Change**    ☐ **Cancel**

| Type of Permit | |
|---|---|
| **Date:** 1.29.20 | **Expiration Date:** 7.29.20 |
| **Duration:** 6 m | |
| ☐ Low Bunk | ☐ Cane |
| ☐ Low Gallery | ☐ C-Pap Machine |
| ☐ Slow Walk Pass | ☐ Ambulate – See permit |
| ☐ Special Housing – Single Cell | ☐ Hearing Aid |
| ☐ Medical Lay In – WITH Meals | ☐ Shoes/Inserts Size: |
| ☐ Medical Lay In – WITHOUT Meals | ☐ Elastic Sleeve/Brace |
| ☐ Wheelchair for Travel (HCU, Visits, Writs) | ☐ Ice – See permit |
| ☐ Wheelchair Bound | ☐ Shower – See permit |
| ☐ Handicapped – ADA - Reason | ☐ TED Hose |
| ☐ Medically Unassigned – No Yard | ☐ Security Belt (Alt. Cuff)  X 6 month |
| | ☐ (Approved) |
| ☐ Medically Unassigned – Exercise encouraged | Miscellaneous: |
| ☐ Exercise – See permit | Miscellaneous: |
| MD Note: LUE 3" shorter than Right S/I ORIF 1982. | |

**Authorized By:** _____ ,MD    **Date:** 1.29.20

**Input by:** _____    **Copy to Order:** _____

Distribution:
Original-Medical Records
Supply Personnel (if equipment is needed)
Lt. of Cellhouse
Offender:  You are responsible
altering of this form
and immediate term

Page 23 of 34

PLAINTIFF'S
EXHIBIT

C

ILLINOIS DEPARTMENT OF CORRECTIONS
# MEDICAL PERMIT
## Pontiac Correctional Center

· 443

*TO*

Fillmore Mron    63343    N HU

| PRINT Offender's Name | ID Number | Living Unit / Cell Number |

☒ **New Order**   ☐ **Renewal**   ☐ **Change**   ☐ **Cancel**

| Type of Permit | |
|---|---|
| Date: 6-18-20    6 m | Expiration Date: ~~FH~~ 2.18.2021. |
| Duration: | |
| ☐ Low Bunk | ☐ Cane |
| ☐ Low Gallery | ☐ C-Pap Machine |
| ☐ Slow Walk Pass | ☐ Ambulate – See permit |
| ☐ Special Housing – Single Cell | ☐ Hearing Aid |
| ☐ Medical Lay In – WITH Meals | ☐ Shoes/Inserts Size: |
| ☐ Medical Lay In – WITHOUT Meals | ☐ Elastic Sleeve/Brace |
| ☐ Wheelchair for Travel (HCU, Visits, Writs) | ☐ Ice – See permit |
| ☐ Wheelchair Bound | ☐ Shower – See permit |
| ☐ Handicapped – ADA - Reason | ☐ TED Hose |
| ☐ Medically Unassigned – No Yard | ☒ Security Belt (Alt. Cuff)  ☒ (Approved) 3-21-20  X 6 months |
| ☐ Medically Unassigned – Exercise encouraged | Miscellaneous: |
| ☐ Exercise – See permit | Miscellaneous: |

MD Note: L UE 3" Shorter than R LE  S/P orif 1992

Authorized By: _____ Andrew Tilden, MD ,MD   Date: 8.18.20

Input by: _____   Copy to Order: _____

Distribution:
Original-Medical Records
Supply Personnel (If
Lt. of Cellhouse
Offender.  You are
     altering
and immediate...

Page 24 of 34

PLAINTIFF'S EXHIBIT D

*Printed on Recycled Paper*

ILLINOIS DEPARTMENT OF CORRECTIONS
**MEDICAL PERMIT**
Pontiac Correctional Center

TO  Fillmore Aaron       B 63343       N 443
PRINT Offender's Name        ID Number        Living Unit / Cell Number

☒ New Order    ☐ Renewal    ☐ Change    ☐ Cancel

| Type of Permit | |
|---|---|
| Date: 2-17-21  Duration: 1 yr | Expiration Date: 2-17-22 |
| ☐ Low Bunk | ☐ Cane |
| ☐ Low Gallery | ☐ C-Pap Machine |
| ☐ Slow Walk Pass | ☐ Ambulate – See permit |
| ☐ Special Housing – Single Cell | ☐ Hearing Aid |
| ☐ Medical Lay In – WITH Meals | ☐ Shoes/Inserts Size: |
| ☐ Medical Lay In – WITHOUT Meals | ☐ Elastic Sleeve/Brace |
| ☐ Wheelchair for Travel (HCU, Visits, Writs) | ☐ Ice – See permit |
| ☐ Wheelchair Bound | ☐ Shower – See permit |
| ☐ Handicapped – ADA - Reason | ☐ TED Hose |
| ☐ Medically Unassigned – No Yard | ☒ Security Belt (Art. Cuff) ☒ (Approved) x 1 yr |
| ☐ Medically Unassigned – Exercise encouraged | Miscellaneous: |
| ☐ Exercise – See permit | Miscellaneous: |

MD Note: (1) arm deformity

Authorized By: Alison Burchardt NP    Date: 2-17-21

Input by: 2-18 KK    Copy to Order: _____

Distribution:
Original-Medical Records
Supply Personnel (if equipment is needed)
Lt. of Cellhouse
Offender: You are re
altering or
and imme

Page 25 of 34

PLAINTIFFS EXHIBIT E

Illinois Department of Corrections
## MEDICAL PERMIT
**Lawrence Correctional Center**

Offender Name: Fillmore, Aaron          Offender Number: R03343
Housing Unit: 8 AUID

| | |
|---|---|
| ☒ New Order | ☐ Renewal |
| ☐ Change | ☐ Cancel |

☐ Low Bunk -  Per Physician Orders the above named inmate is to have
☐ Low Gallery - a low bunk/low gallery due to his medical conditions.
   See start Date below.

| | | |
|---|---|---|
| ☐ Medical | ☐ ADA | ☐ State Boots |
| ☐ Cane | | ☐ Special Shoes: _____ |
| ☐ Orthopedic | | |
| ☐ Crutches | | ☐ Contacts |
| ☐ Other: | | |
| ☐ Walker | | ☐ Fan |
| ☐ Slow Walk | | ☐ C-PAP Machine |
| ☐ Hearing Aid(s) | | ☐ No Gym/Yard |
| ☐ Wheel Chair | | ☐ Medical Lay-In |
| ☐ Other ADA: | | ☒ Other: _____ |

Start Date: 2/15/22          Expiration Date: 8/15/22

Authorized By:

MD: Dr Mayers                              Date: 3/1/22

PA: _____          Date: _____

waist chain
continue from
Pontiac

Distribution: Inmate
        Medical Records
          ☐ Clothing
          ☐ Personal Property
          ☐ Placement

*Printed on Recycled Paper*

LAW 0356 (Rev 10/2009)

PLAINTIFF'S
EXHIBIT
F

Page 26 of 34

# Radiology Report

**Facility:** Lawrence Correctional Center          **Exam Date:** 4/28/2022

**Patient Name:** Fillmore, Aaron

**INMATE ID NUMBER:** B63343

**Date of Birth:** 1/10/1975

**Ordering Provider:**  Luking, NP

**Exam:** LEFT WRIST

**Reason for exam:**  Pain with a prior fracture in 1982.

**Findings:**  No acute fractures or dislocations are noted.  The ulna is displaced superior and dorsally.  An old ulnar styloid process fracture is also noted.  Moderate degenerative changes are present.  The surrounding soft tissues are normal.

**Impression:** Chronic and degenerative changes.

Report generated and electronically signed by Anthony M. Johnson, MD on 5/02/2022
Overread and electronically signed by Nicola Chiaradonna, MD on 5/03/2022 at 12:58 AM

PLAINTIFFS
EXHIBIT
G

NOTED
5/4/22
CC

Page 27 of 34

ILLINOIS DEPARTMENT OF CORRECTIONS
**Laboratory and Radiology Summary**

Lawrence Correctional Center
Facility

Date: 7/25/22

Offender/Patient Name: Fillmore A.

Offender ID Number: B63243

Housing Unit: ABV23

The following checked results were found to be normal or stable by _____, MD.

Laboratory completed: _____

Radiology completed: _____

Your mobic was renewed on 4/10/22.

Chart review was performed + at this time you
do not qualify for waist chain permit. Will not renew permit

M. Wise FNP-C

PLAINTIFF'S
EXHIBIT

H

Page 28 of 34

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Request**

Offender Name: *Fillmore*                    ID #: *B63343*  Living Unit: *8-BU-23*

Job Assignment: _____     Shift: _____

Please refer to the directory located in your orientation manual and address proper personnel.

To: *ADA Coordinator, L. Cunningham*

I request ☐ interview ☐ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☒ other (specify) *ADA accommodation*
for the purpose of (explain): *I have a physical disability (left arm 3" shorter then right, chronic and degenerative changes, displaced ulna) I need my waist chain permit renewed to attend yard, shower, etc. I have had a permit for the past 4 years.*

Offender's Signature: _____     Date: *7-26-22*        *cc: file*

DO NOT WRITE BELOW THIS LINE

Remarks by staff (if necessary): *August 12-22*     Remarks by supervisor (if necessary):
*Medical concern*                     *addressed by onsite*
*provider*

Print Staff Name: _____  *8/12/22*     Print Supervisor Name: _____
Staff Signature / Date                            Supervisor Signature        Date

Distribution:  Affected Unit          *Printed on Recycled Paper*          DOC 0286 (Rev. 4/2010)

PLAINTIFF'S
EXHIBIT
I

Page 29 of 34

Aaron Fillmore
# B63343
Lawrence C.C.
10930 Lawrence R
Sumner, IL 62466

July 31, 2022

Rob Jeffreys, IDOC Director &
ADA Coordinator
1301 Concordia St.
P.O Box 19277
Springfield, IL 62794-9277

1 of 19

PLAINTIFFS
EXHIBIT

J

RE: ADA Violations due to my disability

Dear: Director Jeffreys and ADA Coordinator,

I write you now with great concern and
emotion regarding Lawrence CC. N.P Ms
Wise deliberately violating the ADA, 42
U.S.C. § 12101 et seq. and R.A. 29 U.S.C. §
794 in her improper and arbitrary refusal to
renew my needed medical permit for waist
chain despite my permanent physical injury
and disability, for which I have had a
medical permit for many, many years.

Rob Jeffreys,
ADA Coordinator
  Page 2 of 19

In 1982 I suffered a compound fracture to my
left wrist and my growth plate was removed
My left arm is 3" shorter then my right arm
In 2009 I suffered a right shoulder rotator
cuff injury and was diagnosed with arthritis.
I only have limited rotation in my right
shoulder. (Medical Progress Notes enclosed)

I am in Administrative Detention (A.D) stat
I am chained and handcuffed every time I
leave my cell. (ie. showers, yard, programs, etc.)

On January 22, 2018 I was issued a "Front Cuff"
medical permit due to said permanent physical
disability by the M.D. of Lawrence cc. My
permits were renewed every year or six months
since then. (Permits Enclosed w/ M.D. Notes)

All x-rays since 1978 show degenerative
changes in my left wrist, causing me severe
pain and numbing. (Radiology Reports enclosed
Most recent x-ray revealed "Chronic and
degenerative changes" See 4/28/2022
Radiology Report enclosed.    Page 31 of 34

Rob Jeffreys.
ADA Coordinator
Page 3 of 19

Due to my disability I need to be handcuffed
in front or by waist chain. It is too painful
and causes me tormenting discomfort and
further injury to be cuffed behind my back
I will be denied and unable to attend
yard, shower, programs, porter job due to loss
of medical permit.

On July 25, 2022 N.P. Wise at Lawrence CC
sent me notice that she will not renew my
medical permit. My current permit expires
on August 15, 2022. (Enclosed are both)

Lawrence C.C. currently does not have a M.D.

I qualify under the A.D.A. for my wrist
and shoulder permanent injury. See Kiman v.
New Hampshire DOC, 451 F 3d 274 (2006); Dalton
v. Subaru-Isuzu Auto, Inc 141 F 3d 667 (1998),
Pa. DOC v. Yeskey, 524 U.S. 206 (1998); Bane
v. Virginia DOC, 267 F. Supp. 2d 514 (2003).

Please address this matter.                Sincerely,

cc: file               Page 32 of 34

| | Illinois Department of Corrections<br>Administrative Directive | Page **7** of 18 |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>10/1/2021 |

4.  All individuals in custody assigned to Administrative Detention shall receive:

    a.  Orientation and written materials in which a staff member shall assist them in understanding the material when a literacy problem exists. Completion of orientation shall be documented by a statement signed and dated by the individual in custody.

    **NOTE:** If necessary, translations for the DOC 0417 in a language they may understand, including American Sign Language where appropriate, shall be provided.

    b.  A DOC 0645 which shall be developed by Clinical Services staff. The Program Plan and timeframe for completion shall be documented on the DOC 0645.

5.  Once placed in Administrative Detention, individuals in custody shall be seen by an MHP promptly after initial placement. The MHP shall document this review on the Mental Health Administrative Detention/Restrictive Housing Admission Report, DOC 0550, and complete the Evaluation of Suicide Potential, DOC 0379, or the Mental Health Progress Note, DOC 0282. In the event an MHP is unable to complete the DOC 0282 or DOC 0379 within 48 hours, a Facility Crisis Intervention Team Member shall contact the Crisis Team Leader to determine final disposition and complete the DOC 0282 or DOC 0379. Upon conclusion of the review, the MHP shall advise at least one of the following:

    a.  No referral or Crisis Care Status required.

    b.  Referral needed for medical service(s).

    c.  Referral for routine or urgent mental health service(s).

    d.  Psychiatric Referral.

    e.  Crisis Watch initiated.

PLAINTIFF'S
EXHIBIT
K

L.  **Security Measures While in Administrative Detention**

1.  Absent exigent circumstances, prior to the unlocking or opening of any living unit cell door, a security staff member of the rank of Lieutenant or above shall be present in the cellhouse, housing unit or section with a clear and unobstructed view of the individual in custody's cell and tactical officers.

2.  Two (2) certified Tactical Officers shall be utilized to conduct all movement of individuals in custody.

    a.  Both certified Tactical Officers shall be present prior to initiating any actions involving the search, restraint application and movement processes.

    b.  Protective gear secured within the Administrative Detention Unit, including but not limited to helmets, vests, gloves, shields and batons, shall be made available for use by certified Tactical Officers at the direction of the Shift Supervisor.

3.  All individuals in custody shall always have proper security restraints applied while outside of their assigned living unit cell. Proper security restraints shall consist of, at a minimum, wrist restraints applied behind the individual in custody's back with a security lead attached and leg restraints, unless medically contraindicated.

4.  A thorough clothed search of the individual in custody, as defined in Administrative Directive 05.01.113, shall be conducted anytime an individual in custody leaves his or her cell, but remains

*Illinois Department of Corrections*

| ADMINISTRATIVE DIRECTIVE | Effective 6/1/2017 | Page 5 of 10 | Number 05.12.101 |
|---|---|---|---|

of the hearing at least five working days prior to the hearing.

    c.    The offender need not be present during the review; however, he or she shall be afforded the opportunity to provide written statements and documents relevant to his or her administrative detention placement in advance of the review.

    d.    The review recommendation shall be documented on the DOC 0417, and forwarded to the CAO for his or her final determination.

    e.    The decision shall be documented, in writing, and a copy provided to the offender within 30 days of the Committee review, as well as a copy to be maintained in the offender's master file.

**NOTE:** If the CAO finds continued placement in administrative detention for the offender appropriate after a term of disciplinary segregation, based on the Committee's recommendation, the offender shall be afforded privileges in accordance with Phase I, unless the Adjustment Committee recommends otherwise.

J.    **Operations**

    1.    Clothing

        a.    Offenders in Phase I shall be clothed in a tan jumpsuit, or other designated color jumpsuit.

        b.    Offenders in Phase II and III shall be clothed in Statue blue uniforms.

    2.    Movement

        a.    Prior to any movement, the offender shall store his or her property in accordance with Administrative Directive 05.10.110.

        b.    During normal movement, before an offender's cell is opened:

            (1)    A security staff member, of the rank of Lieutenant or above, shall be present in the cellhouse, housing unit or section;

            (2)    The offender shall be strip searched;

            (3)    A second security staff member shall also be present;

            (4)    The offender shall be handcuffed behind the back in his or her cell, unless a medical condition or other reason exists to require front cuffing, as approved by the Major or above; and

            (5)    Upon exiting the cell, a lead chain shall be attached to the restraints and the offender shall be pat searched.

                **NOTE:** The escorting officer shall always maintain control of the lead chain.

*Page 34 of 34*