In the United States District Court for the
Southern District of Illinois

Aaron Fillmore,
            Plaintiff,

      v.

Rob Jeffreys, et al.
            Defendants.

NO. 22-CV-2705-GCS

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS JEFFREYS, WISE AND MYERS

Now comes plaintiff, Aaron Fillmore, pro se, pursuant to Fed. R. Civ. P. 56 requesting this court to grant him summary judgment against each defendant for damages. The reasons therefore are set forth herein in support of this motion.

## BACKGROUND, VERIFIED FACTS AND MEDICAL EVIDENCE

1.) Plaintiff has a known permanent physical disability, that is clear and obvious, mandating alternative cuffing to attend prison programs, activities and services: yard, showers, law library kiosk, etc. that he cannot attend with being cuffed behind his back due to unnecessary wanton infliction of pain. (DOC 1 & 2) (DOC 24)

2.) Defendants Jeffreys, Wise and Myers arbitrarily denied plaintiff all accommodations for alternative cuffing for his known physical disability without just cause. (DOC 1, 2, 24) Defendants actions clearly violated the American with Disability Act and Rehab Act, Title 42 U.S.C. § 12132; 29 U.S.C. § 749, specifically 42 U.S.C.A. § 12182 (b)(2) (A)(ii) and § 12182(b)(2)(A)(iii). (DOC 1, 2, 24)(Verified Complaint (Comp.) ¶¶ 1, 9-29, 33-71; Comp. Ex.s A-G) Defendants have been deliberately indifferent to plaintiffs serious medical needs. Id. Defendant Wise has retaliated against plaintiff for filing grievances and making complaints against her. (Doc 1, ¶¶ 30-51)

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.) Plaintiff is a state prisoner. (DOC 1 p.1 ¶ 1, p.2 ¶ 2)

2.) Plaintiff suffered a serious physical injury and compound fracture to his left wrist and arm in the year 1982. (Doc 1 p.3 ¶ 9)

3.) Due to said serious injury and compound fracture, plaintiffs growth plate was removed causing permanent loss of growth and disfigurement to said wrist/arm. (DOC 1 p.3 ¶ 10)

4.) Plaintiff suffers loss of motion, rotation, function and degenerative narrowing of his left radial carpal joint. (Doc 1, p. 3 ¶ 12, p. 27 EX. G)

5.) Plaintiff has a known clear and obvious physical disability requiring alternative cuffing not to be cuffed behind his back with handcuffs (Doc. 1, p. 3-5, Comp. EXs A, B, C, D, E, F, G)

6.) Plaintiff has a shoulder injury and arthritis in his right shoulder since the year 2009. (Doc 1, p. 4 ¶¶ 19-21) EXHIBIT A attached hereto.

7.) Due to plaintiff's wrist/arm and shoulder injury, arthritis and permanent physical disability he suffers unnecessary and wanton infliction of pain, painful numbing, shoulder pain, severe discomfort if and when cuffed behind his back that takes excessive force that does not serve any penological purpose. (Doc 1, p. 3-6; Doc 24)

8.) Plaintiff received accommodation due to his physical disability via medical permits starting January 18, 2018 through August 15, 2022. (Doc 1, Comp. EXs A-F)

9.) Defendants Jeffreys, Wise and Myers all failed to accommodate plaintiff after August 15, 2022 due to his permanent disability without cause or medical reason. (Docs 1; 24)

10.) Plaintiff exhausted all available administrative remedies for deliberate indifference, retaliation, ADA / RA violations in this matter prior to filing suit. (Doc 1, p. 12 ¶ 71; Doc 24 p. 17-27)

11.) Defendant Wise personally knew and was aware of plaintiffs physical disability, "Obvious shortening of (L) arm is seen". See: EXHIBIT B ( Ms. Wise progress notes of plaintiff)

12.) Defendant Myers personally knew and was aware of plaintiffs physical disability. See: EXHIBIT C. ( Dr. Myers progress notes of plaintiff)

13.) Defendant Jeffreys personally knew and was aware of plaintiffs permanent physical disability. (Doc 1 p. 30-32; Doc 24 p. 11, 16, 20)

14.) Due to defendants Jeffrey, Wise and Myers failure to accommodate plaintiff was denied the following programs, services and activities:

a.) law Library Kiosk
August 15, 2022 through September 1, 2022; September 3, 2022 through January 22, 2023

b.) Shower
August 21, 25, 26, 27, 29, 31 of 2022; September 4, 8, 9, 10, 14, 18, 22, 23, 24, 26, 27, 28 of 2022;

Denied Shower cont.

October 2, 3, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30 of 2022; November 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29. of 2022; December 1, 3, 5, 7, 9, 11, 13, 15, 17, 18, 19, 21, 23, 24, 25, 27, 28, 29, 30, 31 of 2022; January 1-6, 8, 10, 12, 14, 16, 17, 18, 19, 20, 22 of 2023

c.) Pod Porter Detail Assignment (i.e. work assignment)
August 17, 19, 21, 23, 29 of 2022; September 4, 6, 8, 9, 12, 14, 18, 20, 22, 23, 24, 26 of 2022; October 2, 3, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30 of 2022; November. 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25 of 2022; December 17, 18, 19, 23, 25, 27, 28, 29, 30, 31 of 2022; January 1, 2, 3, 4, 6, 8, 10, 12, 14, 16, 17, 18, 19, 20, 22 of 2023

d.) Yard: (Yard only offered on Tuesdays and Thursdays)
August 27, 2022; September 14, 2022; October 4, 7, 11, 14, 18, 21, 25, 28 of 2022; November 1, 4, 8, 11, 15, 18, 22, 25, 29, of 2022; December 2, 6, 9, 13, 16, 23, 24, 27, 30 of 2022; January 3, 6, 10, 13, 17, 20 of 2023.

e.) Flu shot:   October 25, 2022

15.) On January 24, 2023 plaintiff was transfered out-of-state, per Illinois Correction Compact (Interstate) 730 ILCS 5/3-4-4 to New Mexico by defendant Jeffreys.

16.) Plaintiff received immediate accommodation by New Mexico prison officials due to his permanent physical disability not to be handcuffed behind his back. <u>See</u>: <u>EXHIBITS D & E</u> attached hereto.

<u>ARGUMENT</u>
<u>MEMORANDUM OF LAW</u>

The ADA and RA are federal laws that prohibit discrimination against people with disabilities, including in prison. Title 42 U.S.C. § 12132; 29 U.S.C. § 749; See also: 28 C.F.R. § 35.190(b)(6)( explaining that the ADA applies to correctional facilities). Federal law requires prisons to make "reasonable modifications" to their policies, practices or procedures to provide access to people with disabilities to the programs, services and activities at the facility. 42 U.S.C.A. § 12182(b)(2)(A)(ii)

Page 6 of 17

A prison must take affirmative steps to provide reasonable accommodations to ensure an individual with a disability is not excluded, denied services, or treated differently than those without a disability. 42 U.S.C.A. § 12182(b)(2)(A)(iii).

Plaintiff may show discrimination in either two ways under the ADA/RA: by presenting evidence of disparate treatment or by showing a failure to accommodate. Hoffman v. Caterpillar, Inc., 256 F.3d 568, 572 (7th cir. 2001). In failing to accommodate claims, the plaintiff must show that the defendant was aware of the disability and still failed to reasonably accommodate it. Id. at 572. Plaintiff has clearly shown and proven that defendants in this case were personally aware of his physical disability and were deliberately indifferent, and failed to accommodate him.

Failure to renew or grant a medical permit can support a finding of deliberate indifference or easy treatment or accommodation can suffice, if unnecessary suffering resulted. Thomas v. Martija, 991 F.3d 763, 769-70 (7th cir. 2021); Palmer v. Franz, 928 F.3d 560, 564 (7th cir. 2019). Arthritis is a serious medical condition. Norfleet v. Webster, 439 F.3d 392, 393, 395 (7th cir. 2006).

Both the ADA and RA apply to inmates in the Illinois Department of Corrections. Cutter v. Wilkinson, 544 U.S. 709, 716 n.4 (2005); Jett v. Brookhart, No. 17-cv-517-DRH(S.D. Ill. Sept. 20, 2017).

A shower is a program or activity under the ADA and RA. Jaros v. IDOC, 684 F.3d 667, 670, 672 (7th cir. 2012).

Recreational activity (i.e. yard) is a program or activity under the ADA and RA. Norfleet v. Walker, 684 F.3d 688, 690 (7th cir 2012)

A prison law library is a service and the use of it is an activity. Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S. 206, 211 (1998); Crawford v. Indiana DOC, 115 F.3d 481, 483 (7th cir. 1997)

Plaintiff's case is akin to that of Palmer v. Franz, 928 F.3d 560, 564-65 (7th cir. 2019) where Palmer had a missing left hand and had been issued medical permits in the past for a low bunk, but prison officials declined to issue or renew his medical permit. "Palmer's malformed left hand is precisely the type of medical condition that was diagnosed by a physician as mandating treatment and is so obvious that even a lay person could perceive the need for an accommodation". Id. 564.

Plaintiff's case finds further support in <u>Thomas v.</u>
<u>Martija</u>, 991 F.3d 763 (7th cir. 2021) where Thomas
had a hand injury and the doctor failed to renew
his medical permit. Id. at 769. "A reasonable jury
could conclude that a person who already had
asked twice for a renewed permit and had
submitted grievances formalizing that request
still needed the permit. Id. at 770. "Failure to
grant a low bunk permit can support a finding
of deliberate indifference". Id. at 769.

A deliberate indifference claim requires plaintiff
to satisfy two elements. 1) <u>Objective</u>, a medical
condition that has been diagnosed by a physician
as mandating treatment or one that is obvious;
2) <u>Subjective</u>, that the prison official knew of the
substantial risk of harm and disregarded it.
<u>Edwards v. Snyder</u>, 478 F.3d 827, 830-31 (7th cir.
2007)

Based upon the record, plaintiffs known permanent
physical disability (COMP. EX. A-F), continued
chronic, degenerative changes to his left wrist
bones (COMP. EX. G) and defendants deliberate
failure to accommodate said disability constituted
deliberate indifference and ADA/RA violations.

## II. DEFENDANT WISE'S RETALIATION

To prevail on a First Amendment retaliation claim plaintiff must show that he 1.) engaged in an activity protected by the First Amendment, i.e plaintiffs grievances (COMP. ¶¶ 30-51); 2.) he suffered a deprivation that would deter First Amendment activity (COMP. ¶ 51; COMP. EX. H) and 3.) the First Amendment activity was at least a motivating factor in Wise's decision to take the retaliatory action. (COMP. ¶¶ 48-49) Bridges v. Gilbert, 557 F.3d 541, 546 (7th cir. 2009) Furthermore, circumstantial evidence may be enough for purposes of summary judgment to allow a jury to conclude certain circumstances exist. Jones v. Van Lanen, 27 F.4th 1280, 1286 (7th cir. 2022). Plaintiffs Verified complaint and this pleading may be treated as an affidavit for purposes of summary judgment. Id. at 1285-86.

## VERIFICATION

Pursuant to Title 28 U.S.C. § 1746 I Aaron Fillmore, declare under the penalty of perjury that the foregoing and attached Exhibits are true and correct.

Date: June 3, 2024

Page 10 of 18

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Outpatient Progress Notes**

*EXHIBIT A*

Tamms Correctional Center _____ Center

| Offender Information: |
|---|
| *Fillmore* _____ *C* _____ ID#: *B63343* |
| Last Name          First Name          MI |

| Date/Time | In Note  Subjective, Objective, Assessment | Plans |
|---|---|---|
| 2/2/09 1:30p | Due to inclement weather and no MD on site, MDSC for C/O ® shoulder injury which was rescheduled from 1/27, 1/29 & 1/30 will be seen for this C/o when MD is on site and schedule permits. A. MDSC Rescheduling ——— | H. Hart, ℞ |
| 03Feb08 8:10A | MDSC 118/80  70  16  96⁸⁸  153# | |
| | S) c/o ® shoulder pain. | |
| | O). Seen on fan 09 and no trauma. No deformity, no intervention, experiences pain ē palpation on anterior lateral aspect of proximal humerus. Repots Motrin did not help. | ℞) Naproxen 500 mg tid PO × 10 days) |
| | A) SR shoulder pain. | |

CO-PAYMENT
YES  X
NO

noted
Carol D. George LPN

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Outpatient Progress Notes

_____ Tamms Correctional Center _____ Center

Offender Information:

Last Name: Fillmore    First Name: Aaron    MI: ____    ID#: B83343

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 09 Jan 09 8:30 A | 3-year Physical Signs | |
| | 148/82  76  16  97¹⁰  183# | |
| | HEENT WNL | |
| | Chest, lungs + heart normal | |
| | abd negative) | |
| | c/o Ⓡ shoulder pain, duration several | |
| | months, no history of trauma; it | |
| | simply awakened him from sleep + | |
| | has never resolved. Exam reveals | |
| | no deformity, pain on anterior aspect | Motrin 600 mg PO |
| | of shoulder, arthritis? | tid x 10 days |
| | MARVIN POWERS, M.D. | noted Carol Gr. George PA |
| | | Co-Pay - yes |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

_Printed on Recycled Paper_

EXHIBIT B

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER OUTPATIENT PROGRESS NOTES
LAWRENCE CORRECTIONAL CENTER

Offender Information:

**Fillmore**          **Aaron**          ID#: **B63343**
Last Name                First Name          MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 5/20/22 | NP note: ⑤ Individual in custody coming | ① EMG |
| 120pm | in d/t ~~throug~~ xray followup. Individual | |
| | in custody comes in & reviewed xray results | |
| 199.5 | & discussed c̄ individual. States that | |
| 19 | he woke up c̄ numbness & noticing | |
| 97.7 | decreased ROM. | |
| 99% | Ⓞ A&O x3 p̄ RRR, lung sounds clear | |
| 73 | Abdomen soft BS+. Individual is restrained | |
| 138/80 | at this time so minimal movement is | |
| | seen. Obvious shortening of Ⓛ arm is | |
| | seen. xray shows chronic & degenerative | |
| | Δ's. No obvious reason for waist chain | |
| | permit is seen at this time. Will | |
| | do Emg to evaluate for the numbn. | |
| | of the Ⓛ arm. | |
| | Ⓐ Ⓛ arm/hand numbness | |
| | | M. Cline FNP |

Distribution: Offender's Medical Record

Printed on Recycled Paper

Page 13 of 18

DOC 0384 (Eff. 4/2004)
(Replaces 0044)

FILLMORE LCC (MR) 0073

EXHIBIT C

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER OUTPATIENT PROGRESS NOTES
### LAWRENCE CORRECTIONAL CENTER

Offender Information:

Fillmore               Aaron               ID#: B63343
Last Name              First Name     MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 8/20/02 | ms | |
| 950a | S' '82 removed the growth plate. | Tylenol Swing Pe |
| | + the Lt arm is shorter than the | P.R.N. T.Dx |
| 19 | Rt arm the Hand/arm will on | 6 mths |
| 189.2 | occasion go numb. Also go pain | |
| 97.5 | in the arm. Tylenol has helped | |
| 122/64 | in the past to ↓ the Pain. | |
| 98% | Reg waist chains by pt. | |
| 71 | O° scheduled for on EMG. | |
| | Xr - 4/22 - wrist - chronic + degenerative | |
| | changes. Good caps. Refill Lt. | |
| | Good motor. | |
| | ⊕ Visit crpped Tylenol use and | |
| | the scheduled EMG | |

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

Page 14 of 18

FILLMORE LCC (MR) 0087

NEW MEXICO CORRECTIONS DEPARTMENT
HEALTH SERVICES RECEIPT

RECEIPT FOR EQUIPMENT/SUPPLIES

EXHIBIT D

The following has been issued to the indicated inmate:

PLEASE DO NOT CUFF PT ON THE BACK. HAS LEFT ARM INJURY. MAY CUFF IN THE FRONT

Inmate Signature: _____ Date: _____  JAN 2 4 2023

|  | JAN 2 4 2023 |  |
|---|---|---|
|  | Date | Time |
| Issued by (Signature) |  | CNMCF |
|  |  | Facility |

Fillmore, Aaron
#90259 01/10/1975

| | NMCD # | DOB | NMCD Form |
|---|---|---|---|
| | Medical Record Section 6 | | 609 HEALTH SERVICES RECEIPT |

NMCD Approved
Rev. 017/01/2012

Original to Medical Chart; copy to Inmate

Page 15 of 18

**NEW MEXICO CORRECTIONS DEPARTMENT**
HEALTH SERVICES RECEIPT



**RECEIPT FOR EQUIPMENT/SUPPLIES**

*EXHIBIT E*

The following has been issued to the indicated inmate:

Per 2/1/2023 Dolce Reyes NP order,
Please allow pt to have cuffs on
front d/t shoulder problem

Inmate Signature : _____ Date: 2-2-23

| Issued by (Signature) RN | | 2/2/23 | 1400 |
| --- | --- | --- | --- |
| | | Date | Time |
| Fillmore, Aaron #90259 01/10/1975 | NMCD # | DOB | Facility |

NMCD Approved
Rev. 017/01/2012

Medical Record Section 6
Original to Medical Chart; copy to Inmate

NMCD Form
609 HEALTH SERVICES RECEIPT

Page 16 of 18

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for an order of summary judgment against each defendant, Jeffreys, Wise and Myers, on liability to the plaintiff on his deliberate indifference claims and ADA / RA violations, and judgment against Wise on plaintiff's retaliation claim.

The amount of damages due to the plaintiff must be determined at trial, before a jury.

Respectfully Submitted,

Date: June 3, 2024

Aaron Fillmore
#90259, NENMCF
185 Dr. Michael Jenkin Rd.
Clayton, NM 88415

Page 17 of 18

# PROOF OF SERVICE

I, Aaron Fillmore, hereby certify under 28 U.S.C. § 1746 that I served upon:

Jennifer Powell                          Alison J. Matusofsky
Assist. Attorney General    &    Cassiday Schade
201 W. Pointe Dr. Ste.#7        100 N. Broadway, Ste. 1580
Belleville, IL 62226              St. Louis, MO 63102

a true copy of: Plaintiff's Motion For Summary Judgment Against Defendants Jeffreys, Wise and Myers by placing same in NENMCF institutional mail for mailing with attached debt voucher to properly cover U.S. Mailing Postage costs on <u>June 3, 2024</u>.

Aaron Fillmore

Page 18 of 18

Aaron Fillmore
#90259
Northeast New Mexico
Corr. Facility
185 Dr. Michael Jenkins Rd.
Clayton, NM 88415

June 3, 2024

Court Clerk
So. Dist. Fed. Ct
750 Missouri Ave.
East St. Louis, IL 62201

RE: Motion Filing, Fillmore v. Jeffreys,
    No. 3:22-cv-02705-GCS

Dear Court Clerk,

Enclosed please find my original
summary judgment motion to be filed
with the court, with proof of service
attached.

Thank you.

Sincerely,

[signature]

Aaron Fillmore
#90259, NENMCF
185 Dr. Michael Jenkins Rd.
Clayton, NM 88415



MAIL CLEARED US MARSHALS

Clerk of the Court
United States District Court
Southern Dist. of Illinois
750 Missouri Ave.

East St. Louis, IL
62201

RECEIVED

JUN 10 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS OFFICE