051152/21723

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| AARON FILLMORE,<br><br>Plaintiff,<br><br>v.<br><br>ROB JEFFREYS, MELISSA WISE, LORI CUNNINGHAM, PERCY MYERS,<br><br>Defendants. | No. 3:22-cv-02705-GCS<br><br>Judge Gilbert C. Sison |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants, Percy Myers, M.D. and Melissa Wise, NP, by and through their attorneys, Cassiday Schade LLP, and for their Response to Plaintiff's Motion for Summary Judgment [Doc. 100], state as follows:

## I. INTRODUCTION

Plaintiff, an inmate with the Illinois Department of Corrections ("IDOC"), who was, at all times relevant, incarcerated at Lawrence Correctional Center ("Lawrence"), brought the following claims against Defendants Percy Myers, M.D. ("Dr. Myers") and Melissa Wise, NP ("NP Wise"):

> **Count 3:** Violation of the Eighth Amendment by Defendants Dr. Myers and NP Wise for failing to adjust Plaintiff's pain medication from May to August of 2022 and for failing to renew Plaintiff's medical cuff permit.

> **Count 4:** Violation of the First Amendment by Defendant NP Wise for retaliating against Plaintiff by denying his medical permit after he filed grievances about the care NP Wise provided.

Plaintiff has not and cannot produce evidence that Defendants were deliberately indifferent to his medical needs or that NP Wise retaliated against him, and as such, Plaintiff certainly has not produced undisputed evidence in support of his claims and his Motion for Summary Judgment should be denied.

## II. RESPONSE TO PLAINTIFF'S "BACKGROUND, VERIFIED FACTS AND MEDICAL EVIDENCE"

1. Defendants deny that this paragraph contains a statement of fact, but instead a legal conclusion or argument, which is improper. To the extent the Court construes this paragraph as a statement of fact, denied.

2. Defendants deny that this paragraph contains a statement of fact, but instead a legal conclusion or argument, which is improper. To the extent the Court construes this paragraph as a statement of fact, denied.

## III. RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Defendants admit that during the relevant timeframe, Plaintiff was incarcerated by the Illinois Department of Corrections. Defendants lack sufficient information or knowledge to admit or deny whether Plaintiff is currently a "state prisoner." Except as admitted, denied.[1]

2. Defendants admit that Plaintiff so stated in his Complaint. Defendants deny that Plaintiff cited to any evidence to support this statement of fact. Except as admitted, denied.

3. Defendants admit that Plaintiff so stated in his Complaint. Defendants deny that Plaintiff cited to any evidence to support this statement of fact. Except as admitted, denied.

4. Defendants admit that Plaintiff so stated in his Complaint. Defendants admit that the April 28, 2022 x-ray report for Plaintiff's left wrist reflected chronic and degenerative changes. [Doc. 1, p. 27] Defendants deny that this x-ray report states that "Plaintiff suffers loss of motion, rotation, function and degenerative narrowing of his left radial carpal joint." [*Id.*] Except as admitted, denied.

5. Defendants admit that Plaintiff generally so stated in his Complaint. Defendants

[1] For consistency, Defendants use the same paragraph numbering as Plaintiff.

admit that Plaintiff was provided with alternate cuffing permits for particular time periods at Pontiac Correctional Center ("Pontiac") and Lawrence. [*See* Doc. 1, pp. 19-27] Except as admitted, denied.

6. Defendants admit that Plaintiff generally so stated in his Complaint. Defendants admit that Plaintiff attached medical records from February 2009 (one of the notes reads February 3, 2008, but that may be an error) which reflect that he complained of right shoulder pain. [Doc. 100, p. 11] Defendants deny that either note includes a diagnosis of arthritis in Plaintiff's right shoulder. [*Id.*] Except as admitted, denied.

7. Defendants admit that Plaintiff generally so stated in his Complaint and in his Motion for Temporary Restraining Order [Doc. 24]. Defendants deny that Plaintiff cited to any evidence to support this statement of fact. Except as admitted, denied.

8. Defendants admit that Plaintiff was provided with alternate cuffing permits for particular time periods at Pontiac and Lawrence. [*See* Doc. 1, pp. 19-27] Except as admitted, denied.

9. Defendants admit that Dr. Myers and NP Wise testified that a waist chain permit was not medically necessary for Plaintiff. [*See* Dr. Myers' Declaration, pp. 4-5, Exhibit A;[2] *see* NP Wise's Declaration, pp. 4-5, Exhibit B[3]] Further, Defendants admit that at Plaintiff's deposition, when asked if security staff were still using waist chain or front cuffing from August 2022 to October 7, 2022, he testified, "I think so." [*See* Plaintiff's Deposition Transcript, p. 70:70:5-25, Exhibit C] Except as admitted, denied.

[2] Plaintiff's Select Medical Records referenced in ¶ 4 and through Dr. Myers' Declaration are attached as Exhibit E. Plaintiff's Inmate Movement Records referenced in Dr. Myers' Declaration at ¶ 24 are attached as Exhibit F.

[3] Plaintiff's Select Medical Records referenced in ¶ 4 and through NP Wise's Declaration are attached as Exhibit E. Plaintiff's July 18, 2022 Grievance referenced in NP Wise's Declaration at ¶ 16 is attached as Exhibit D and discussed *infra*. Plaintiff's Inmate Movement Records referenced in NP Wise's Declaration at ¶ 24 are attached as Exhibit F.

10. Defendants admit that Plaintiff generally so stated in his Complaint and in his Motion for Temporary Restraining Order [Doc. 24]. Defendants deny that Plaintiff cited to any evidence to support this statement of fact. Except as admitted, denied.

11. Defendants admit that NP Wise noted on May 20, 2022, "obvious shortening of L arm is seen." [Doc. 100, p. 13] Except as admitted, denied.

12. Defendants admit that Dr. Myers noted on August 20, 2022 that Plaintiff self-reported that his left arm is shorter than the right arm. [*Id.* at p. 14] Except as admitted, denied.

13. Defendants lack information or knowledge to admit or deny Co-Defendant Jeffreys' alleged knowledge, and therefore deny the same.

14. Defendants deny that Plaintiff cited to any evidence to support the dates he allegedly was denied any programs, services, or activities as described in this paragraph and subparagraphs. Denied.

15. Defendants admit that Plaintiff was transferred from Lawrence on or around January 24, 2023. Except as admitted, denied.

16. Defendants admit that Plaintiff attached two New Mexico Corrections Department Health Services Receipts reflecting that he be cuffed in the front. [*Id.* at pp. 15-16] Except as admitted, denied.

## IV. ARGUMENT

### A. Summary Judgment Standard

Summary Judgment is proper if the pleadings, discovery documents and affidavits "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby,*

*Inc.*, 447 U.S. 242, 248 (1986).

The moving party carries the burden of producing "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Carett*, 477 U.S. 317, 323 (1986). The moving party may meet their burden by "showing …an absence of evidence to support the non-moving party's case." *Id.* at 325. After the moving party has successfully met their burden, the non-moving must plead specific facts to show there is a genuine issue. Fed. R. Civ. P. 56; *Anderson*, 477 U.S. at 250. Disputes that would not affect the outcome of the suit will not satisfy the requirement to show there is a genuine material issue of fact for trial. *McGinn v. Burlington Northern R.R. Co.,* 102 F. 3d 295, 298 (7th Cir. 1996). If Plaintiff does not show that evidence exists that would reasonably allow a fact-finder to find in Plaintiff's favor regarding a material issue, the court must enter summary judgment against Plaintiff. *Waldridge v. Am. Hoechst Corp.*, 24 F. 3d 918, 920 (7th Cir. 1994).

"A prisoner plaintiff's medical testimony cannot create a genuine issue of material fact sufficient to defeat summary judgment where his testimony is clearly controverted by the clear medical evidence." Order Granting Defendants' Motion for Summary Judgment, at 17, *Talley v. Dr. Baker et al.*, No. 13-cv-03069, Doc. 102, (C.D. Ill. March 19, 2015) (*quoting Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When, however, the parties tell conflicting stories, 'one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'"); *Vicks v. Knight*, 380 Fed. Appx. 847, 852 (11th Cir. 2010) (holding that when resolving factual disputes in summary judgment motions, a district court may ignore the plaintiff's version of the facts when it is clearly contradicted by the other evidence of record, including the defendants' affidavits,

incident reports, and medical records); *Benitez v. Pecenco*, 1995 WL 444352, *5 (S.D.N.Y July 27, 1995) (conclusory claim that plaintiff was ever issued medication was directly contradicted by medical records and was insufficient to create a factual dispute on that issue) (*citing Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) ("mere conclusory allegations or denials are insufficient to withstand a motion for summary judgment once the moving party has set forth a documentary case")).

"[T]he non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue." Order Granting Defendants' Motion for Summary Judgment, at 9, *Talley v. Dr. Baker et al.*, No. 13-cv-03069, Doc. 102, (C.D. Ill. March 19, 2015). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material fact." *Anderson* 477 U.S. at 256-57 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). "[S]ummary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Koszola v. Board of Education of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004).

**B. Deliberate Indifference**

In order to establish an Eighth Amendment claim for deliberate indifference under 42 U.S.C. §1983, a plaintiff must establish (1) plaintiff had an objectively serious medical need; (2) defendant had actual knowledge of the serious medical need but disregarded it; and (3) plaintiff sustained substantial harm from such disregard. *Thomas v. Walton*, 461 F. Supp. 2d 786, 793-795 (S.D. Ill. 2006); *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

First, to be sufficiently serious, "a prison official's act or omission must result in the denial

of the minimal civilized measure of life's necessities." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citation omitted).

Second, "[d]eliberate indifference implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent harm can be inferred from the defendant's failure to prevent it." *Thomas*, 461 F. Supp. 2d at 793, citing *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). The Seventh Circuit has noted that the standard for deliberate indifference is a high hurdle…because it requires a "showing as something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Rosario v. Brawn*, 670 F.3d 816, 821-822 (7th Cir. 2012) (quoting *Collins v. Seeman*, 462 F.3d 757, 762 (7th Cir. 2006)).

"Deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Thus, a difference of opinions as to how to treat a medical condition does not give rise to a deliberate indifference claim. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001). A court should examine the totality of care the prisoner received to determine whether he received "adequate medical care," not "unqualified access to health care." *Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000); *Johnson v. Doughty, et al.*, 433 F.3d 1001, 1013 (7th Cir. 2006). "A prisoner's dissatisfaction with a physician's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996); *Johnson*, 433 F.3d at 1012-13.

Deliberate indifference "is merely a synonym for intentional or criminally reckless conduct." *Thomas*, 461 F. Supp. 2d at 793. Negligence or even gross negligence, does not equate deliberate indifference. *Garvin*, 236 F.3d at 898; *Johnson*, 433 F.3d at 1012-1013. "Thus, an inadvertent failure to provide adequate medical care does not amount to deliberate indifference." *Thomas*, 461 F. Supp. 2d at 793.

Third, a mere delay in medical care without a showing of substantial harm does not establish a deliberate indifference claim. *Thomas*, 461 F. Supp. 2d at 794. In order to establish a deliberate indifference claim of delayed treatment, a prisoner "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." *Id.* at 794-795, (quoting *Langston*, 100 F.3d at 1240). In other words, a plaintiff must show that he was experiencing a serious injury requiring immediate care. *Id.* As Plaintiff cannot make this showing, Dr. Myers and NP Wise are entitled to summary judgment.

**1. Defendants were not deliberately indifferent to Plaintiff's medical needs.**

First, Defendants note that Plaintiff's argument largely involves the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. [*See* Doc. 100, pp. 6-9] As outlined in the Court's Merit Review Order, Plaintiff only brings those claims against Co-Defendant Jeffreys as the only proper defendant for a claim under the ADA or Rehabilitation Act is the state agency (or a state official acting in his or her official capacity). [Doc. 7, p. 4] Defendants acknowledge that the denial of a needed accommodation can be sufficient in some circumstances to permit a finding of deliberate indifference, but in this case, the requested accommodation (for an alternative cuffing permit) was not medically necessary. [*Id.* at p. 5 (citing *Palmer v. Franz*, 928 F.3d 560 (7th Cir. 2019))]

Next, Plaintiff provides case law that discusses how denials of a low bunk permit could

constitute deliberate indifference. [Doc. 100, p. 9] If this case involved a low bunk permit, those cases may provide some insight on whether Defendants were deliberately indifferent. However, Plaintiff sought alternative cuffing permits rather than a low bunk permit. Cuffing permits inherently involve security, and both Dr. Myers and NP Wise testified that as physicians and nurse practitioners, respectively, they are unable to override security policies. At most, they could make recommendations, but ultimately, security overrides all medical decisions related to the cuffing of individuals in custody. Both testified that in their medical opinions, Plaintiff's condition did not warrant any recommendations to security staff to alter the cuffing procedures for Plaintiff and that a waist chain permit was not medically necessary. [Ex. A, pp. 4-5; Ex. B, pp. 4-5] Plaintiff testified that Dr. Myers showed him a policy on the wall in the examination room which said that the IDOC would not allow any further waist chain or front cuff permits. [Ex. C, p. 64:6-21] He further testified that he wrote in a grievance that Dr. Myers told him that the reason he was denied was based on the policy rather than any communication with NP Wise. [*Id.* at pp. 68:17-70]

In *Anderson*, the plaintiff had a broken left hand and while he was awaiting surgery, he brought a deliberate indifference claim against a physician for failing to provide him with an alternative cuffing permit. *Anderson v. Wexford Health Sources, Inc.*, 2023 U.S. Dist. LEXIS 57508 at *2-3 (S.D. Ill. March 30, 2023). That Court found that the record showed that the physician considered the permit and did not consider it medically necessary, given the plaintiff's type of injury. *Id.* at *25. Further, the Court held that although the plaintiff claimed that the rear-cuffing cause him pain, the record did not indicate that the rear-cuffing caused additional damage to his injury, he was rear-cuffed or extended periods of time, the pain was intolerable, or that front-cuffing was otherwise deemed medically necessary. *Id.* at *25-26 (citing *Smith v. Butler*, 2021 U.S. Dist. LEXIS 218294 at *9 (S.D. Ill. Sept. 7, 2021)(doctor not deliberately indifferent for

denying front-cuff pass based on his opinion that injury did not warrant pass, even though orthopedist later recommended it; without additional evidence, denial was not such a substantial departure from accepted professional judgment as to warrant deliberate indifference claim); *Jordan v. Welborn*, 2017 U.S. Dist. LEXIS 153027 at *6 (S.D. Ill. Sept. 18, 2017)(doctors not deliberately indifferent absent evidence that denial of front-cuff pass was not based on reasonable medical judgment)).

*Anderson*, unlike the cases Plaintiff cited regarding low bunk permits, is analogous to the case at hand. Here, Plaintiff argues that an alternative cuffing permit was medically necessary due to his arm-length difference and shoulder pain. [Doc. 100, p. 9] Plaintiff testified, "I only have shoulder injuries when it's, like, put behind my back or stretched above my head. I only have limited movement in my right shoulder. So I don't have constant pain in my shoulder unless it's manipulated in some way, like being cuffed behind the back." [Ex. C, p. 32:6-13] Plaintiff agreed that he did not discuss his shoulder condition while at Lawrence. [*Id.* at p. 80:3-13] NP Wise and Dr. Myers made no mention of any self-reported complaints of a shoulder injury in their medical notes and testified that they would have documented such complaints per their customs and practices. [Ex. A, p. 5; Ex. B, p. 3] Both testified that if Plaintiff had self-reported shoulder pain, they would have incorporated that complaint into their analysis on whether Plaintiff met the criteria for a waist chain permit. [*Id.*] NP Wise and Dr. Myers both testified that a waist chain permit was not medically necessary for Plaintiff while residing at Lawrence and Plaintiff has not provided any evidence that such permit was medically necessary. [Ex. A, p. 5; Ex. B, pp. 4-5] For the foregoing reasons, Plaintiff's Motion for Summary Judgment should be denied.

**C. Retaliation**

"As in any § 1983 action, the plaintiff must establish the state of mind required to prove

the underlying violation…In a First Amendment retaliation claim, as [ ] alleged here, the plaintiff must prove that his speech was the reason that the [defendants] decided to act." *Waters v. City of Chicago*, 580 F.3d 575, 584 (7th Cir. 2009) (internal quotations omitted). At the summary judgment stage, a plaintiff has the burden of producing evidence that his speech was at least a motivating factor to a defendant's retaliatory action, and the burden then shifts to the defendant to rebut any causal inference raised by Plaintiff's evidence. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). Although it does not have to be great, an inmate is required to show some injury or adverse action that would deter a person of ordinary firmness from exercising his or her right of free speech. *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise.")

In the Court's Merit Review Order, it noted that Plaintiff alleges that Defendant Wise retaliated against him for filing grievances about medical care by denying his medical permit, as well as needed care. [Doc. 7, p. 6] In Plaintiff's grievance #07-22-178 dated July 18, 2022, he alleges that he wrote to "Health Care/ NP Wise" on July 10, 2022 and July 13, 2022 complaining of pain and numbness in his left wrist due to lack of medications. [*See* Plaintiff's July 18, 2022 Grievance, p. 0023, Exhibit D] The Grievance Officer's Report contains a response from HCUA Cunningham, but does not include a response from NP Wise. [*Id.* at p. 0021] It appears that Plaintiff wrote a "Response to Grievance Officer" on his grievance where he alleges, "Pursuant to NP Ms. Wise (7-25-22) I no longer qualify for waist chain permit (See attached) Her voiding my permit is in retaliation for my 7-18-22 grievance complaining of denial of medical treatment." [*Id.* at p. 0023]

NP Wise testified that on July 25, 2022, she performed a chart review for medication and

permit renewal. [Ex. B, p. 4] She noted that Plaintiff's x-ray showed arthritis, he was prescribed NSAIDS, and he did not qualify for a waist chain permit at that time. [*Id.* at pp. 4-5] Defendants note that NP Wise did not "void" Plaintiff's permit as he claims. Instead, she determined that his permit would not be renewed. During his deposition, Plaintiff agreed that NP Wise did not cancel his permit, she just did not renew it. [Ex. C, p. 38:4-16] Additionally, Plaintiff testified that he did not know if NP Wise saw his grievance and he could not remember if she ever spoke with him about the grievance. [*Id.* at p. 48:1-14] Even in his Motion for Summary Judgment, Plaintiff does not provide any evidence that NP Wise ever saw or was made aware of his grievance. [Doc. 100, p. 10]

NP Wise testified that she has no recollection of seeing Plaintiff's July 18, 2022 grievance prior to the initiation of the instant lawsuit. [Ex. B, p. 4] She does not recall being contacted by the Grievance Office or HCUA Cunningham about this grievance or any grievance for that matter. [*Id.*] NP Wise explained that even if she had been informed of this grievance, her decision not to continue Plaintiff's waist chain permit was not influenced or motivated by Plaintiff's filing of this grievance. [*Id.*] She testified that it was her medical opinion that Plaintiff did not qualify for a waist chain permit nor was it medically necessary. [*Id.*]

Plaintiff testified that he filed another grievance on July 25, 2022 that "had to be something with denial of medical care and deliberate indifference or maybe retaliation, permit renewal, something, because that was my only complaints against her, really." [Ex. C, pp. 52:21-53:22] He believes that he wrote this grievance after receiving NP Wise's July 25, 2022 radiology summary where she noted that he did not qualify for a waist chain permit. [*Id.* at pp. 54:9-55:6] Not only did Plaintiff continue to file grievances after he alleges that NP Wise retaliated against him for his grievances, he also filed this lawsuit. Thus, not only was the alleged behavior not silencing, but it

also did not silence Plaintiff. Although the standard is that of an ordinarily firm person, not a subjective standard, the fact that Plaintiff was not silenced, supports that an ordinarily firm person also would not have been silenced. *Heard v. Hardy*, 2013 U.S. Dist. LEXIS 101583 at *9 (N.D. Ill. July 22, 2013). Accordingly, no reasonable juror could find Defendant's alleged actions would deter a person of ordinary firmness from exercising his or her rights, and Plaintiff's Motion for Summary Judgment should be denied.

## V. CONCLUSION

WHEREFORE, for the reasons expressed above, and because Plaintiff has failed to establish that Defendants Percy Myers, M.D. and Melissa Wise, NP were deliberately indifferent to his serious medical needs or that NP Wise retaliated against Plaintiff for filing grievances, Defendants respectfully request this Honorable Court denies Plaintiff's Motion for Summary Judgment [Doc. 100], and for such further relief as deemed appropriate.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Alison J. Matusofsky
One of the Attorneys for Defendants, PERCY MYERS, M.D. and MELISSA WISE, NP

Alison J. Matusofsky
ARDC No. 6337131
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
amatusofsky@cassiday.com

051152/21723

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2024, I electronically filed the foregoing Response to Plaintiff's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to all counsel of record.

Jennifer R. Powell
Christine McClimans
Illinois Attorney General's Office
201 West Pointe Drive, Suite 7
Belleville, IL 62226
jennifer.powell@ilag.gov
christine.mcclimans@ilag.gov

I also hereby certify that a true and correct copy of the foregoing Response to Plaintiff's Motion for Summary Judgment was served via regular mail to the following non-CM-ECF participant at the following address by depositing the same in the U.S. mail located in St. Louis, MO, with proper postage prepaid, before the hour of 5:00 p.m., on August 8, 2024. Under penalties as provided by law, I certify that the statements set forth herein are true and correct:

**PRO SE/LEGAL MAIL**
Aaron Fillmore
90259 Northeastern NMCF
185 Doctor Michael Jenkins Road
Clayton, NM 88415

/s/ Alison J. Matusofsky