United States District for the
Southern District of Illinois, East St. Louis Division

| | |
|---|---|
| Aaron Fillmore, <br> Plaintiff, <br> v. <br> Rob Jeffreys, et al. <br> Defendants. | No. 3:22-cv-2705-GCS <br><br> Judge Gilbert C. Sison |

## PLAINTIFF'S MOTION AND BRIEF IN OPPOSITION TO DEFENDANTS' MYERS AND WISE'S MOTION FOR SUMMARY JUDGMENT

Now comes plaintiff, Aaron Fillmore, pro se, pursuant to SDIL-LR 56.1(b),(c), with his motion and brief opposing defendants Myers and Wise's motion for summary judgment. In support thereof states:

### BACKGROUND, VERIFIED FACTS AND MEDICAL EVIDENCE

1.) Plaintiff has a known permanent physical disability, that is clear and obvious, mandating accommodation alternative cuffing to attend prison programs, activities and services: yard, showers, law library kiosk, etc. that he cannot attend with being cuffed behind his back due to unnecessary wanton infliction of pain. (Verified Complaint)(Doc 1 & 2; Doc 24)(Comp. Ex.'s A-G)

Page 1 of 11

Defendants Myers and Wise arbitrarily denied plaintiff all accommodations for alternative cuffing without just cause for his known physical disability (DSUC 1, 2, 24; Comp. ¶¶ 1, 9-29, 33-71; Comp. Exs A-G) with deliberate indifference.

### RESPONSE TO DEFENDANT'S STATEMENT OF "UNDISPUTED MATERIAL FACTS"

1.) Admits.
2.) Admits.
3.) Admits.
4.) Admits.
5.) Admits.
6.) Admits.
7.) Disputed - Plaintiff lacks knowledge to admit or deny.
8.) Disputed - Defendant's "Exhibit F" is <u>not plaintiff</u>.
9.) Admit in part and deny in part. Plaintiff was issued a medical permit from March 1, 2022 dated by Dr. Myers until August 15, 2022. Plaintiff disputes that Dr. Myers denies being the author of the March 1, 2022 medical permit.
10.) Admits.
11.) Admits.
12.) Disputes. Defendant Wise did not treat plaintiff. (Comp. ¶ 35)

13.) Admit in part, deny in part. Plaintiff admits not complaining of shoulder pain, as it was already part of his medical record. (See: Ex. C attached to Pl. S.J. motion.) Plaintiff denies what if anything Wise would document.

14.) Disputes.

15.) Admits.

16.) Disputes.

17.) Admits.

18.) Admits that plaintiff filed a grievance against defendant Wise for deliberate indifference and retaliation, denies that Wise did not respond or know about said grievance.

19.) Disputes.

20.) Admits.

21.) Disputes.

22.) Admits that plaintiff made verbal complaints to defendant Wise.

23.) Disputes.

24.) Admits that Wise wrote that on 7-25-22.

25.) Admits that plaintiff complained of wrist pain.

26.) Disputes. Myers never physically or medically examined plaintiff.

27.) Disputes.

28.) Admits that plaintiff did not currently experience shoulder pain while sitting in a chair accross from Dr. Myers.

29.) Admits.
30.) Admits.
31.) Admits.
32.) Disputes.
33.) Disputes.

## STATEMENT OF ADDITIONAL MATERIAL FACTS

1.) Plaintiff has a shoulder injury and arthritis in his right shoulder since 2009. (Doc 1, p.4 ¶¶ 19-21)(Ex. A attached to Pl. S.J. motion)(Def. Ex.C p.32)

2.) Plaintiff has a known clear and obvious physical disability requiring alternative cuffing accommodation not to be cuffed behind his back with handcuffs. (Doc 1, p.3-5; Comp. Exs A-G)(Pl. S.J. p.3)

3.) Due to plaintiff's physical wrist/arm disability and shoulder injury/arthritis he suffers unnecessary wanton infliction of pain, painful numbing, severe discomfort if and when he is cuffed behind his back, which takes excessive force that does not serve any penological purpose. (Doc 1, p.3-6; Doc 24; Pl. S.J. motion p.3 ¶ 7);(Def. Ex. C p.32, plaintiff's deposition)

Page 4 of 11

4.) Due to defendant Myers and Wises failure to accommodate plaintiff for his disability he was <u>denied</u> the following programs, services and activities:

a.) <u>law library Kiosk</u> from August 15, 2022 through September 1, 2022; September 3, 2022 through January 22, 2023. (PL. S.J. p. 4)(DOC. 1 p. 9 ¶ 55)(Def. Ex. C p. 95)

b.) <u>Shower</u>: August 21, 25, 26, 27, 29, 31 of 2022; September 4, 8, 9, 10, 14, 18, 22-24, 26-28 of 2022; October 2-6, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30 of 2022; November 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29 of 2022; December 1, 3, 5, 7, 9, 11, 13, 15, 17, 18, 19, 21, 23, 24, 25, 27, 28, 29, 30, 31 of 2022; January 1-6, 8, 10, 12, 14, 16, 17, 18, 19, 20, 22 of 2023. (PL. S.J. p. 4-5)(DOC 1 p. 9 ¶ 55)(Def. Ex. C p. 97)

c.) <u>Pod Porter job assignment</u>: August 17, 19, 21, 23, 29 of 2022; September 4, 6, 8, 9, 12, 14, 18, 20, 22, 23, 24, 26 of 2022; October 2, 3, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30 of 2022; November 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25 of 2022; December 17, 18, 19, 23, 25, 27-31 of 2022; January 1-4, 6, 8, 10, 12, 14, 16, 17, 18-20, 22 of 2023. (DOC. 1, p. 9 ¶ 55; P. SJ. p. 5). (Def. Ex. C p. 97)

d. <u>Yard</u>: August 27, 2022; September 14, 2022; October 4, 7, 11, 14, 18, 21, 25, 28 of 2022; November 1, 4, 8, 11, 15, 18, 22, 25, 29 of 2022; December 2, 6, 9, 13, 16, 23, 24, 27, 30 of 2022; January 3, 6, 10, 13, 17, 20 of 2023. (DOC 1 p.9 ¶55; PL.S.J. p.5) (Def. Ex. C p.102)

e) <u>Flu shot</u>: October 25, 2022

5.) On January 24, 2023 plaintiff was transferred out-of-state by defendant Jeffreys to New Mexico and was provided immediate ADA/RA accommodation for his wrist/arm/shoulder disability. (PL. S.J. p.6 ¶¶ 15 & 16 EX's D & E to PL. S.J. motion)(Def. Ex. C p.101-102)

<u>ARGUMENT</u>
<u>DEFENDANTS DELIBERATE INDIFFERENCE</u>

I.) Failure to renew a medical permit can support a finding of deliberate indifference. <u>Thomas v. Martija</u>, 991 F.3d 763, 769-70 (7th cir. 2021) Arthritis is a serious medical condition. <u>Norfleet v. Webster</u>, 439 F.3d 392, 393, 395 (7th cir. 2006). A prison must take affirmative steps to accommodate an individual with a disability as not to be denied programs, services or be treated differently than the nondisabled. Title 42 U.S.C.A. § 12182(b)(2)(A)(iii).

Page 6 of 11

Both defendants Wise and Myers deliberately refused to renew plaintiff's needed medical permit without cause, despite the fact that plaintiff had a clear and obvious physical disability (Doc 1, 2; Doc 24; Comp. Ex. A-G) (Def. Ex. E. p. 0034, 36, 40, 44, 48, 50, 54, 61, 71, 73, 77, 82, 85, 87, 94, 95, 102, 108, 109, 229, 232, 235, 240, 242, 247, 249, 250,)

Both the ADA and RA apply to plaintiff as a state prisoner. Cutter v. Wilkinson, 544 U.S. 709, 716 n.4 (2005). A shower is an activity or program under the ADA and RA. Jaros v. IDOC, 684 F.3d 667, 670, 672 (7th cir 2012); Yard is a program or activity under both the ADA and RA. Norfleet v. Walker, 684 F.3d 688, 690 (7th cir. 2012). A prison library is a service and activity. Penn. Dept. of Corr. v. Yeskey, 524 U.S. 206, 211 (1998). Defendant again provides false evidence in their "Exhibit F." That is not plaintiff, as that document clearly indicates it is some inmate named: Houston, Lemuel. Id.

    Plaintiff has met both elements of a deliberate indifference claim in this case. He has a medical condition diagnosed by a physician mandating treatment. (Comp. Ex. A-G) And it is obvious. Id.

Both defendants are personally aware of plaintiff's disability. (Def. S.J. Ex. E) Both defendants deliberately failed to renew his medical permit without cause. Security staff and policy allowed plaintiff to be accommodated with either front cuff or waist chain cuffing (Pl. Comp. Ex. K) due to his medical needs. Defendants knew of plaintiff's clear and permanent physical disability and knew of the substantial risk of harm and disregarded it which constitutes deliberate indifference to his medical needs/accommodation. Edwards v. Snyder, 478 F.3d 827, 830-31 (7th Cir. 2007).

II. DEFENDANT WISE'S ACT OF RETALIATION

Defendant claims that plaintiff did not suffer an adverse act or injury and was not silenced. This argument fails. First, plaintiff was injured by the not renewing of his medical permit for which he was denied out-of-cell programs, services and activities. (Pl. S.J. p. 4-6; DOC 1 p. 9 ¶55). Second, the relevant standard is not subjective, but objective: the effect the retaliation would have on an ordinary prisoner. Bridges v. Gilbert, 557 F.3d 541, 555 (7th Cir. 2009)

It does not matter that plaintiff was not silenced or filed this lawsuit. Plaintiff's individual behavior does not matter. Brodheim v. Cry, 584 F.3d 1262, 1274 (9th cir. 2009); Gill v. Pidlypchak, 389 F.3d 379, 384 (2nd cir. 2004). If that was the test, no inmate could obtain judicial relief from retaliation. Id.

Plaintiff's verified complaint, S.J. motion, Def.'s Ex. E may be treated as an affidavit for the purposes of defeating summary judgment. Jones v. Van Lanen, 27 F.4th 1280, 1285-86 (7th cir. 2022). Defendant Wise knew of the grievances filed against her, (Doc 1 p. 8 ¶ 48) and retaliated against the plaintiff. Id ¶ 49, 50, 51. (Def. Ex. D Response to Plaintiff's S.J.)

## VERIFICATION

Pursuant to Title 28 U.S.C. § 1746, I, Aaron Fillmore, declare under penalty of perjury that the foregoing is true and correct.

*[signature]*

August 19, 2024

Page 9 of 11

WHEREFORE, plaintiff respectfully requests the court to deny defendant Myers and Wises motion for summary judgment in its entirety.

Respectfully Submitted

*[signature]*

Aaron Fillmore
#90259, NENMCF
185 Dr. Michael Jenkins Rd.
Clayton, NM 88415

# PROOF OF SERVICE

I, Aaron Fillmore, hereby certify under 28 U.S.C. § 1746 that I served upon:

> Alison J. Matusofsky
> Cassiday Schade LLP
> 100 N. Broadway, Ste. #1580
> St. Louis, MO 63102

a true copy of: Plaintiff's Motion & Brief in Opposition to Defendants Myers & Wise's Motion for Summary Judgment by U.S. Mail by placing same in NENMCF institutional mail with attached voucher to cover proper first-class postage costs on August 20, 2024.

*Aaron Fillmore*

Aaron Fillmore
#90259, NENMCF
185 Dr. Michael Jenkins Rd.
Clayton, NM 88415

LEGAL MAIL

ALBUQUERQUE NM 870
21 AUG 2024 PM 3 L

MAIL CLEARED US MARSHALS

quadient
FIRST-CLASS MAIL
IMI
$002.04
08/21/2024 ZIP 88415
043M31257692

US POSTAGE

Clerk of the
United States District Court
Southern Dist. of Illinois
750 Missouri Ave.
East St. Louis [illegible] 62201