

**Illinois Department of Corrections**

**Administrative Directive**

| Number: | Title: | Effective: |
|---|---|---|
| **05.12.101** | **Administrative Detention Placement** | **6/1/2023** |

| Authorized by: | | |
|---|---|---|
| | *[Original Authorized Copy on File]* | **Latoya Hughes** Acting Director |
| **Supersedes:** | 05.12.101 effective 2/1/2022 | |

| Authority: 730 ILCS 5/3-2-2 20 ILAC 504 | Related ACA Standards: 5-ACI-4A-01 – 04, 07 – 08, 10 – 22, 24 – 25, 27 |
|---|---|
| Referenced Policies: 03.03.110, 04.01.102, 04.04.100, 04.04.102, 04.04.103, 05.01.106, 05.01.110, 05.01.111, 05.02.140, 05.02.147, 05.03.107, 05.03.150, 05.06.112, 05.15.100 | Referenced Forms: DOC 0004 – Visiting List DOC 0193 – Telephone Number List Request DOC 0282 – Mental Health Progress Note DOC 0303 – Special Placement Double Cell Assessment DOC 0314 – Administrative Detention/Restrictive Housing Sick Call Rounds Chart DOC 0317 – Disciplinary Report DOC 0378 – Crisis Watch Observation Log DOC 0379 – Evaluation of Suicide Potential DOC 0380 – Mental Health Administrative Detention/ Restrictive Housing Rounds DOC 0417 – Administrative Detention Review DOC 0432 – Notice of Administrative Detention Placement Review DOC 0434 – Incident Report DOC 0550 – Mental Health Administrative Detention/ Restrictive Housing Admission Report DOC 0586 – Administrative Detention/Restrictive Housing Privilege/Tour Log DOC 0645 – Administrative Detention Program Plan |

I. **POLICY**

The Department shall ensure the use of Administrative Detention only to house those individuals in custody who pose the greatest threat to the safety and security of the correctional facility and cannot be managed safely in general population. Administrative Detention is reserved for those individuals in custody whose violent, disruptive, predatory or other serious misbehavior poses a serious threat to other individuals in custody, staff or the orderly operation of the institution.

II. **PROCEDURE**

   A. **Purpose**

      The purpose of this directive is to establish written procedures for staff to govern the placement and supervision of individuals in custody in Administrative Detention.

   B. **Applicability**

      This directive is applicable to all correctional facilities, excluding Transitional Security facilities, within the Department.

   C. **Facility Reviews**

      A facility review of this directive shall be conducted at least quarterly.

| | Illinois Department of Corrections<br>Administrative Directive | Page **2** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

**D.** **Designees**

Individuals specified in this directive may delegate stated responsibilities to another person or persons unless otherwise directed.

**E.** **Definitions**

Administrative Detention – in accordance with Department Rule 504, Subpart D; a non-disciplinary status of confinement that removes an individual in custody from general population or restricts the individual's access to general population.

Regional Multidisciplinary Committee (RMC) – A panel selected by the Director consisting of at least three (3) members authorized to conduct all hearings for Administrative Detention placement.

Spit/Transport Hood and Bite Mask – device that protects staff from body fluid assaults by individuals in custody which occur during a spitting episode.

**F.** **General Provisions**

1. Individuals in custody placed in Administrative Detention status shall be housed at Dixon Correctional Center, Lawrence Correctional Center, Logan Correctional Center, Joliet Inpatient Treatment Center, Menard Correctional Center and Pontiac Correctional Center.

    a. Individuals in custody housed at these facilities may be subject to double celling after review in accordance with Paragraph II.O.2.a.

    b. Living conditions in Administrative Detention cells shall approximate those of the general population and any exception shall be clearly documented.

    c. Administrative Detention cells shall permit the individuals in custody assigned to them to converse with and be observed by staff members.

    d. Individuals determined to be pregnant or postpartum shall not be housed in Administrative Detention.

2. The Director shall appoint a Regional Multidisciplinary Committee (RMC) to assess and respond to security, operational and program concerns; perform Administrative Detention hearings for individuals in custody, reviews and placement recommendations.

    a. An RMC shall:

        (1) Be established for each region where a facility designated to house Administrative Detention individuals in custody exists; and

        (2) Report to the respective Deputy Director.

    b. The RMC panel conducting a review shall consist of at least three (3) members, including a Mental Health Professional (MHP) for hearings involving individuals in custody on the mental health caseload.

    **NOTE:** Any RMC member who was in any way involved with an alleged violation regarding the individual in custody being reviewed shall not participate in the RMC panel. Any conflict of interest determination shall be made by the Chairperson of the RMC.

    c. RMC membership shall be selected from the following staff members (no designees):

| | Illinois Department of Corrections<br>Administrative Directive | Page 3 of 20 |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

    (1) An Assistant Warden of Operations or Assistant Warden of Programs from each respective region who shall serve as the committee Chairperson;

    (2) A Mental Health Professional (MHP);

    **NOTE**: For individuals in custody on the mental health caseload, an MHP shall automatically be included in the hearing.

    (3) A Deputy Commander or District Coordinator from the Intelligence Unit;

    (4) A Regional Commander from the Intelligence Unit;

    (5) A Clinical Services Supervisor;

    (6) Other employees as identified by the Director.

  d. The RMC shall meet, at minimum, every 90 days. An Administrative Detention Review, DOC 0417, shall be completed for each individual in custody review.

   **NOTE**: The completed DOC 0417 shall be confidential and shall only be distributed to authorized staff.

G. **Requirements**

 1. The Chief Administrative Officer (CAO) of each correctional facility designated to house individuals in custody placed in Administrative Detention shall ensure compliance with this directive.

 2. The CAO may develop and implement a written local procedure to further topics which may include, but shall be limited to, required security measures, privileges, work assignments, or to outline a step down process to aid individuals in custody in the transition from Administrative Detention to General Population as long as the requirements outlined in this policy are strictly adhered to each local procedure shall be reviewed and approved by the respective Deputy Director.

H. **Administrative Detention Review Process**

 1. The CAO may recommend an individual in custody for Administrative Detention placement and removal. The recommendation shall be documented on a DOC 0417 and forwarded to the RMC.

  **NOTE:** Individuals in custody shall remain housed in their current unit **until the Deputy Director has rendered a determination of placement.**

 2. Administrative Detention placement reviews, recommendations and decisions shall be guided in accordance with 20 Ill. Adm. Code 504.690(b) and shall be documented on the DOC 0417. The placement review, recommendation and decision shall consider, at minimum:

  a. The individual in custody's disciplinary history;

  b. The initial Administrative Detention placement documents;

  c. The individual in custody's summary, prepared by the Intelligence Unit, documenting any updates or developments to intelligence information related to the safety and security of the facility;

| | Illinois Department of Corrections<br>Administrative Directive | Page **4** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

  d. Mental health evaluations; and

  e. The individual in custody's oral or written statements, if provided.

3. Recommendations and decisions for an individual in custody to be transferred to general population shall be supported by evidence that his or her actions or conduct deem him or her as a non-threat to the safety and security of the Department and that no credible intelligence exists to the contrary. Evidence may include, but not be limited to:

  a. No threat of violence toward staff or other individuals in custody;

  b. No evidence of security threat group activity or leadership status; and

  c. No threat of escape.

4. The RMC shall, at least once every seven (7) days for the first two (2) months of an individual in custody's Administrative Detention placement and at least every thirty (30) days thereafter, or sooner if deemed appropriate, conduct a review of the individual in custody's initial placement in Administrative Detention to determine if he or she is complying with his or her Administrative Detention Program Plan, DOC 0645, developed in accordance with Paragraph II.K.4.b and to determine if continued placement is appropriate. The Committee shall afford the individual in custody the opportunity to appear in-person before the Committee during each of the 90-day reviews.

  a. At least five working days prior to the 90-day review hearing, the individual in custody shall be provided a Notice of Administrative Detention Placement Review, DOC 0432, giving notice of the date of the review and, with reasonable specificity, the Department's justification for continued placement.

  b. The individual in custody shall be afforded the opportunity to provide written statements and documents relevant to his or her Administrative Detention placement in advance and at the time of the review hearing. For the purpose of the in-person hearing, the individual in custody may also provide oral statements relevant to the placement.

  c. In determining whether to recommend the continued placement, the RMC shall consider, but shall not be limited to, factors referenced under subsection II.I.3., as well as any programming participation during the individual in custody's placement in Administrative Detention.

  d. The RMC shall make a recommendation to the respective Deputy Director for the individual in custody to remain in Administrative Detention or be returned to general population.

  e. The recommendation and the Deputy Director's final decision shall be documented on the DOC 0417.

  f. A copy of the DOC 432 shall be provided to the individual in custody within fourteen (14) days of the RMC review.

5. Any individual in custody placed in Administrative Detention who receives a Disciplinary Report, DOC 0317, that results in an imposition of restrictive housing shall, upon completion of the restrictive housing term, return to Administrative Detention. The amount of restrictive housing time shall count towards the individual in custody's time served in Administrative Detention.

| | Illinois Department of Corrections<br>Administrative Directive | Page **5** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

**NOTE:** If an individual in custody is placed into restrictive housing during his or her time in Administrative Detention, his or her privileges, services and reviews shall be in accordance with Administrative Directive 05.15.100. Once returned to Administrative Detention, his or her privileges, services and reviews shall be accordance with the requirements within this Directive.

6. A file containing all relevant documentation pertaining to the Administrative Detention placement shall be:

    a. Maintained on each individual in custody placed in Administrative Detention;

    b. Created by the facility recommending placement into Administrative Detention; and

    c. Transferred with the individual in custody in accordance with Section II.F.1.

    **NOTE:** Files and their contents shall remain confidential.

I. **Administrative Detention Hearings**

1. Upon receipt of the DOC 0417, the RMC shall schedule a hearing with the individual in custody as soon as practicable, but no later than fourteen (14) calendar days after the recommendation is received, unless the hearing is prevented by exceptional circumstances, or unavoidable delays.

    **NOTE**: The RMC hearing is not a replacement for the Adjustment Committee process, or the appeal process as outlined in DR 504. The RMC shall use the individual's disciplinary file that exists at the time of the hearing.

2. The individual in custody shall be notified at least twenty-four (24) hours prior to the Administrative Detention placement hearing with the RMC to allow him or her time to prepare.

    a. The notification shall include the DOC 0432, a summary of the individual in custody's behaviors, and supporting documentation establishing the rationale for Administrative Detention placement.

    b. The individual in custody shall be afforded the opportunity to review the rationale for placement and the DOC 0432 and submit written/oral testimony either prior to or at the hearing if attendance at the hearing is granted. The individual in custody shall be permitted to submit written materials and documents to the RMC in advance of and at the hearing. Any written materials and documents submitted by the individual in custody shall become a part of the file and retained by the RMC.

3. Each hearing shall be audio recorded by the RMC and shall be maintained on file for a minimum of 3 years unless there is pending litigation.

4. The RMC shall document their recommendation regarding Administrative Detention placement on the DOC 0417.

    a. If the RMC makes a recommendation to deny Administrative Detention placement, the review process shall be complete, and the DOC 0417 shall not be forwarded to the respective Deputy Director for review. The individual in custody shall not be placed into Administrative Detention.

    b. If the RMC makes a recommendation to approve Administrative Detention placement, the DOC 0417 and all supporting documentation or statements provided by the individual in custody shall be forwarded to the respective Deputy Director for further review and approval.

| | Illinois Department of Corrections<br>Administrative Directive | Page **6** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

5. The Deputy Director shall:

    a. Review the RMC's recommendation to ensure a thorough review was conducted.

    b. No later than fourteen (14) calendar days after the date of the RMC hearing:

        (1) Consider the following prior to making a final decision on Administrative Detention placement:

            (a) The submitted DOC 0417 and supporting documentation provided by the RMC.

            (b) The summary of the individual in custody's statements (written and oral) and any documentation he or she submitted.

        (2) Render a final decision for placement into Administrative Detention placement, documenting the decision and the rationale for placement on the DOC 0417.

6. If the Deputy Director:

    a. Does not concur with the RMC's recommendation to place the individual in custody into Administrative Detention, he or she shall remain in general population; however, the Deputy Directory may modify the RMC's recommendation and:

        (1) Allow the individual in custody to remain at the current facility;

        (2) Recommend a security level increase; or

        (3) Recommend a lateral transfer to another IDOC facility.

    b. Does Concur Administrative Detention placement is warranted, the Deputy Director shall concur with the RMC's recommendation on the DOC 0417 and determine the length of the placement, which shall not exceed ninety (90) days. This shall establish the date of the individual in custody's presumptive return to general population.

**J.** **Administrative Detention Appeal**

1. The individual in custody shall be provided an updated copy of the DOC 0432, which shall serve as notice of the final decision for Administrative Detention placement and his or her right to appeal the Deputy Director's decision.

2. If the individual in custody elects to appeal the Deputy Director's decision to place him or her into Administrative Detention, he or she shall complete the DOC 0432 and submit the form to the CAO, who shall then forward the DOC 0432 to the Chief of Operations, within fourteen (14) calendar days from the date the notice was served. The Chief of Operations shall document his or her decision on a submitted appeal in writing. The decision shall be provided to the individual in custody

    **NOTE**: If an appeal is not submitted by the individual in custody and received by the Chief of Operations within fourteen (14) days, the decision for Administrative Detention placement becomes final.

3. The Chief of Operations shall consider all appeals and respond to the individual in custody within fourteen (14) calendar days of receipt, whenever practicable.

Case 3:22-cv-02705-GCS   Document 125-4   Filed 09/20/24   Page 7 of 20   Page ID #1684

| | Illinois Department of Corrections<br>Administrative Directive | Page **7** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

4. An individual in custody shall be permitted to grieve placement in Administrative Detention.

K. **Administrative Placement Assignment**

1. If the Deputy Director approves placement of the individual in custody into Administrative Detention, the individual in custody's security level shall be changed to an Administrative Detention designation.

2. The approved Administrative Detention placement shall be submitted to the Transfer Coordinator's Office (TCO).

3. If the Administrative Detention placement requires a transfer, the CAO of the sending facility shall ensure a transfer packet is completed in accordance with Administrative Directive 05.06.112. The packet shall include the DOC 0417 indicating the final determination/placement recommendation of the RMC hearing and approval of the Deputy Director.

4. All individuals in custody assigned to Administrative Detention shall receive:

    a. Orientation and written materials in which a staff member shall assist them in understanding the material when a literacy problem exists. Completion of orientation shall be documented by a statement signed and dated by the individual in custody.

    **NOTE:** If necessary, translations for the DOC 0417 in a language they may understand, including American Sign Language where appropriate, shall be provided.

    b. A DOC 0645 which shall be developed by Clinical Services staff. The Program Plan and timeframe for completion shall be documented on the DOC 0645.

5. Once placed in Administrative Detention, individuals in custody shall be seen by an MHP promptly after initial placement. The MHP shall document this review on the Mental Health Administrative Detention/Restrictive Housing Admission Report, DOC 0550, and complete the Evaluation of Suicide Potential, DOC 0379, or the Mental Health Progress Note, DOC 0282. In the event an MHP is unable to complete the DOC 0282 or DOC 0379 within 48 hours, a Facility Crisis Intervention Team Member shall contact the Crisis Team Leader to determine final disposition and complete the DOC 0379 or DOC 0282 (if appropriate and completed by a Behavioral Health Therapist. Upon conclusion of the review, the MHP shall advise at least one of the following:

    a. No referral or Crisis Care Status required.

    b. Referral needed for medical service(s).

    c. Referral for routine or urgent mental health service(s).

    d. Psychiatric Referral.

    e. Crisis Watch initiated.

L. **Security Measures While in Administrative Detention**

1. Absent exigent circumstances, prior to the unlocking or opening of any living unit cell door, a security staff member of the rank of Correctional Sergeant or above shall be present in the cellhouse, housing unit or section with a clear and unobstructed view of the individual in custody's cell and movement staff.

| Number: 05.12.101 | Illinois Department of Corrections<br>Administrative Directive<br>Title:<br>Administrative Detention Placement | Page 8 of 20<br>Effective:<br>6/1/2023 |
|---|---|---|

2. 

3. 

4. Prior to any movement of an individual in custody from area to area within the Administrative Detention Unit, the individual in custody shall, at a minimum, be handcuffed from behind, unless medically contraindicated, by having the individual in custody back up to the door (or fence in the case of recreation yard) designed for that purpose. The security staff person handcuffing the individual in custody shall also ensure:

   a. 

   (1) 

   d. When seated in areas other than his or her assigned cell, individuals in custody may be secured to benches or stools with locking mechanical devices when applicable due to security concerns.

   e. Application of a Spit/Transport Hood is warranted when an individual in custody displays any of the following types of disruptive and/or assaultive behavior:

   (1) Spitting on or towards staff or other individuals in custody.

   (2) Verbal threats to assault staff by spitting bodily fluid.

| Number: 05.12.101 | Illinois Department of Corrections<br>Administrative Directive | Page 9 of 20 |
|---|---|---|
| | Title: Administrative Detention Placement | Effective: 6/1/2023 |

      (3)    Any documented history or pattern of assaults by spitting over the previous six-month period.

      (4)    Episodes of biting staff or other individuals in custody, or any other type of assaultive behavior exhibited that would warrant application of the Spit/Transport Hood.

**NOTE:** Application of the Spit/Transport Hood shall be authorized by the Shift Supervisor and documented on an Incident Report, DOC 0434. The individual in custody shall remain in the Spit/Transport Hood while outside of his or her cell, excluding yard or pod or by authorization of the BUDAO. It is the responsibility of the Assistant Warden of Operations to evaluate each individual in custody designated to wear the Spit/Transport Hood every thirty days and determine the removal or continuation of the Spit/Transport Hood.

  f.    Prior to conversing with one of the individuals in custody, the food pass shall be closed. Staff shall not go near a food pass where an individual in custody can grab them.

  g.    When counselors, chaplains, nurses, or other non-uniformed staff interact with an individual in custody, the staff person shall be directly escorted by security staff.

5.    The facility may conduct an individualized security assessment to determine if additional security precautions are determined appropriate prior to moving an individual housed in Administrative Detention. Additional security measures may include:

  a.    Attaching a security lead immediately upon opening of the cell door.

  b.    Attaching a Steel Waist Chain with a security lead and applying it on individuals in custody:

      (1)    In lieu of an individual in custody having wrist restraints applied in front when the individual in custody has been approved;

      (2)    Whenever an individual in custody moves anywhere outside of his or her assigned living unit; or

      (3)    As directed by the Shift Supervisor, Duty Administrative Officer (DAO) or above.



  c.    A steel waist chain shall be applied in the following manner:

      (1)



| | Illinois Department of Corrections<br>Administrative Directive | Page 10 of 20 |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

    (2) 

  d. ▉

  e. ▉

  f. Leg restraints shall be applied in the following manner:

    (1) 

  g. Leg restraints shall be reapplied upon conclusion of the yard or pod period.

  h. Leg restraints are removed in the following manner:

    (1) 

6. ▉

7. Contact shall be avoided between Administrative Detention individuals in custody and individuals in custody in general population.

8. Emergency Situations

  a. 

| | Illinois Department of Corrections<br>Administrative Directive | Page **11** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

    d.    The CAO shall designate an approved secure area to be utilized to hold individuals in custody in Administrative Detention in the event an evacuation is necessary.

        (1)    Staff supervising individuals in custody shall be required, on a quarterly basis, to perform fire evacuation in accordance with Administrative Directive 05.02.110.

        (2)    The evacuation drills shall be performed without evacuating Administrative Detention individuals in custody.

9.    Security Searches and Inspections



10.    Unit Rounds

[content redacted]

| | Illinois Department of Corrections<br>Administrative Directive | Page **12** of 20 |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |



11. Safety, Maintenance and Sanitation

    a. The assigned Zone Lieutenant shall conduct formal inspections of Administrative Detention areas at least once per shift to ensure the cleaning schedule and requirements established by the facility's Safety and Sanitation Coordinator and Administrative Directive 05.02.140 are being met.

    b. Individuals in custody shall be required to maintain safety and sanitation standards within their assigned living areas.

12. All individual in custody work assignments within areas housing individuals in custody in Administrative Detention shall be processed through normal assignment proceedings, reviewed by the Intelligence Unit and approved by the CAO (no designee).

    a. Individual in custody workers shall always be under the direct supervision of security staff.

    b. During movement of individuals in custody in Administrative Detention, individual in custody workers shall be secured in a zone that is not affected by the movement.

    **NOTE**: All work performed by individuals in custody inside areas housing individuals in custody in Administrative Detention shall be done by individuals in custody housed in the Administrative Detention Unit and in the immediate presence of a staff person.

M. **Privileges While in Administrative Detention**

1. Individual in custody privileges shall be afforded in accordance with Attachment A.

2. Procedures for visits shall be in accordance with Administrative Directive 05.01.106.

    a. All visits shall be non-contact; however, subject to the discretion and approval of the CAO and as security measures allow, individuals in custody may request to participate in the "Meet & Greet" visitor contact at the beginning and end of the visit.

    b. Visiting Lists, DOC 0004, submitted by individuals in custody shall be reviewed by the Investigations and Intelligence Unit and submitted to the CAO for final approval.

| | Illinois Department of Corrections<br>Administrative Directive | Page **13** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

3. Procedures for telephone calls shall be in accordance with Administrative Directive 05.03.150. Telephone privileges listed in Attachment A shall be in accordance with 20 Illinois Administrative Code 504.

    a. Any Telephone Number List Request, DOC 0193, submitted by an individual in custody shall be reviewed by the assigned Intelligence Officer for approval.

    b. All calls shall be documented in the Administrative Detention Telephone Log.

    **NOTE:** In the event an individual's in custody phone privileges are restricted due to a violation of DR 504, telephone privileges to access the judicial process and family emergencies shall be granted as determined by the CAO

3. Individuals in custody shall be placed in unassigned status upon initial placement into Administrative Detention. Individuals in custody may be given work assignments according to a step-down system, where one exists.

5. Individuals in custody shall receive audio-visual privileges based on grade and in accordance with DR 504.

    **NOTE**: Additional audio-visual privileges may be permitted, as approved by the CAO.

6. Commissary orders shall be personally prepared by a Correctional Supply Supervisor and delivered to the individuals in custody by security staff.

7. Individuals in custody shall have access to or be provided with basic personal hygiene items and allowable property items in accordance with Attachment A of this directive.

N. **Programs and Services While in Administrative Detention**

   1. Case Plans for Individuals in Custody in Administrative Detention

      a. In accordance with Administrative Directive 04.01.102, a case plan shall:

         (1) Be completed on all individuals in custody that score moderate or higher on any assessment tool, except for those individuals in custody with an MSR date within sixty days of arriving at the parent institution.

         (2) Be developed by the Corrections Assessment Specialist (CAS) or Social Worker II (SWII) in conjunction with the individual in custody.

            **NOTE:** Individuals in custody who are at a moderate, high or very high risk to recidivate, based on the results of the risk and needs assessment, shall receive case planning corresponding to the individual's designated risk level and, upon arrival at the parent facility, shall be directed to participate in programming related to their risk and needs.

         (3) Augment other recommendations made by specialized assessments completed by mental health, addiction recovery services, sex offender and education staff.

            (a) Program providers and CAS and SWII staff shall work together to manage the individual in custody and prioritize individual in custody needs and programming decisions.

            (b) The CAS or SWII shall make appropriate interventions, program

Fillmore v. Jeffreys, et al., (22-2705) Document No.   000403

Case 3:22-cv-02705-GCS   Document 125-4   Filed 09/20/24   Page 14 of 20   Page ID #1691

| | Illinois Department of Corrections<br>Administrative Directive | Page **14** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

       recommendations and referrals based upon the individual's risk level and needs, identified dynamic risk factors and resources available.

     (c) Domain interventions and pro social activities, programs and evidence-based practice (EBP) tools shall be documented in the appropriate tabs in the assessment tool.

   (4) Be signed and dated by the CAS or SWII and the individual in custody within 75 calendar days of arrival to the parent institution, following the completion of a PIT assessment or specialized assessment tools.

     (a) One copy shall be given to the individual in custody.

     (b) One copy (signed and dated) shall be placed in the individual's master file.

 b. Case plan creation and standards shall follow the below:

   (1) For very high, high, and moderate risk individuals in custody who have multiple areas of high and moderate identified dynamic risk factors, the primary risk factors identified in the assessment shall be addressed, followed by the high and moderate secondary risk factors. Dynamic risk factors shall be prioritized based on the needs of the individual in custody.

   (2) Barriers to accessing treatment and obtaining goals and objectives, including but not limited to mental health issues, reading and writing deficits, physical handicap, transportation, childcare and language barriers, shall be appropriately addressed.

   (3) Case plans shall be:

     (a) Individual in custody action oriented (i.e., requiring the individual in custody to accomplish something).

     (b) Specific, measurable, achievable, relevant and time based.

 c. The case plan shall be updated upon completion or termination of programming and/or pro-social activities.

 d. The completed case plan, to include goals, objectives and techniques, shall be reviewed and updated to note individual in custody progress at least annually. Case plan reviews with the individual in custody shall be documented in case notes including, but not limited to, changes and updates regarding goals or objectives, problems/needs area, staff recommendations or issues specific to the individual in custody.

2. Education

 a. Individuals in custody may request basic educational materials in the form of worksheets and workbooks from the library or Educational Facility Administrator. Education and programming shall take place in a congregate setting, similar to general population, where available and when security concerns do not prohibit otherwise.

 b. Individuals in custody shall have access to the library, law library, and satellite libraries consistent with library schedules.

3. Health Care Services

| | Illinois Department of Corrections<br>Administrative Directive | Page **15** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

    a.    When an individual in custody is placed in Administrative Detention status, health care staff shall be informed immediately and shall provide a screening and review of the individual in custody.

    b.    Routine medical services shall be offered to individuals in custody inside the cell house.

    c.    Medical personnel shall visit the Administrative Detention Unit daily (unless medical attention is required more frequently) to screen requests for medical attention, and a physician shall visit the unit on a weekly basis. Their presence shall be announced and documented in the Administrative Detention/Restrictive Housing Sick Call Rounds Chart, DOC 0314.

        (1)    Dental complaints shall be directed to the Dental Department at the Health Care Unit, and dental personnel shall screen individuals in custody in the Administrative Detention Unit and, if necessary, schedule individuals in custody for appointments.

        (2)    Medical complaints shall be handled via doctor's call line at an examining room inside the Administrative Detention Unit. If the condition cannot be treated in the examining room, the individual in custody shall be referred to the Health Care Unit.

        (3)    Psychiatric complaints shall be handled inside Administrative Detention Unit on an individual basis.

    d.    Mental health reviews and referrals shall be performed in accordance with Administrative Directive 04.04.100.

    e.    The frequency of physician visits to Administrative Detention shall be determined by the medical authority but shall not be less frequent than a weekly basis.

    f.    An MHP or Behavioral Health Technician shall see the individual in custody weekly after the first 16 days of being placed in Administrative Detention. These contacts are documented as rounds being conducted on the Mental Health Administrative Detention/Restrictive Housing Rounds, DOC 0380.

    g.    For any individual in custody remaining in Administrative Detention for more than 30 days, a qualified MHP shall personally interview and prepare a written report.

    h.    If confinement of an individual in custody in Administrative Detention continues beyond 30 days, a mental health assessment by a qualified MHP shall be made at least every 30 days for individuals in custody who have an identified mental health need and every three months for all other individuals in custody, or more frequently if prescribed by the chief medical authority.

    i.    Medications shall be dispensed in accordance with local policy.

4.    Religious Services

    a.    Individuals in custody shall have access to chaplaincy staff on at least a weekly basis.

    b.    Religious services shall take place at cell front or in congregate settings if available and permitted.

5.    Administrative Rounds/Visits

|  | Illinois Department of Corrections<br>Administrative Directive | Page **16** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

      a.    The assigned Correctional Lieutenant shall make rounds in Administrative Detention no less than one time per eight-hour shift. If he or she is unavailable a Shift Supervisor shall make the rounds.

      b.    Members of the Programs Staff shall visit the Administrative Detention unit at least weekly.

6.    Whenever an individual in custody in Administrative Detention is denied of any usually authorized item or activity, as defined by this policy, a report of the action shall be documented in a DOC 0434 and forwarded to the Shift Supervisor. A copy of the DOC 0434 shall be filed in the individual in custody's master file.

**O.**     **Administrative Detention Conditions of Confinement Standards**

1.    Individuals in custody shall be clothed in state blues, or clothing equivalent to those worn by individuals in custody housed in general population.

2.    Standards for living conditions in Administrative Detention areas shall include the following provisions:

      a.    Double celling shall be permitted upon approval of the CAO. Prior to assigning an individual in custody to a double cell, a review shall be conducted to determine whether there are reasons why he or she should not be double celled. Medical and mental health concerns shall be considered in making this determination. A Special Placement Double Cell Assessment, DOC 0303, shall be completed with final approval being documented via signature of the CAO, in accordance with Administrative Directive 05.03.107.

      b.    Minimally, each cell shall be furnished with:

          (1)    A bed for each individual in custody, securely fastened to the cell;

          (2)    Clean bedding, including a mattress, blanket, sheets, pillow and pillowcase for each individual in custody;

          (3)    A wash basin with running water and flushable toilet facilities (controls may be located outside the cell); and

          (4)    Adequate lighting for reading and observation purposes.

      c.    Administrative Detention cells shall be located at or above ground level, provide visual access to natural light, and have heat and ventilation consistent with the climate.

      d.    Each cell shall have a door and a food passage. Any solid cell door shall have a vision panel or shall be designed to allow light to enter and permit observation.

      e.    The use of physical restraints to confine the individual in custody's movements within the cell shall be prohibited, except as directed per Administrative Directive 04.04.103.

      f.    Each cell shall be maintained in a sanitary condition and cleaning materials shall be made available weekly or more often as necessary.

      g.    Personal health and hygiene shall be permitted as follows:

          (1)    A shower and shave in accordance with the shower and shave schedule for general population individuals in custody.

| | Illinois Department of Corrections<br>Administrative Directive | Page **17** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

    (2) State issued toilet tissue, soap, towel, toothbrush and toothpaste for daily use shall be provided to the individual in custody.

    (3) A weekly exchange of clean institutional clothes or availability of laundry services at least weekly and in accordance with the laundry services schedule for general population individuals in custody

    (4) False teeth, eyeglasses, hearing aids, approved ADA accommodations and other essential items of personal hygiene and health shall be permitted.

    (5) Medication as prescribed.

  h. Individuals in custody shall receive nutritionally adequate food. In accordance with Administrative Directive 05.02.147, an alternative meal service may be provided to an individual in custody who uses food or food service equipment in a manner that is hazardous to self, staff or other individuals in custody.

  j. All observations shall be documented within the appropriate staggered interval on the DOC 0378 and shall include staff's observation of the individual in custody's behavior and speech, as appropriate.

  k. Individuals in custody designated as deaf or hard of hearing shall be notified via tactile notification or in person by the Administrative Detention Unit security staff of the arrival of all staff on the unit and announcements or movement which may involve the deaf or hard of hearing individual in custody. ASL interpretation shall be provided for all high-stakes interactions if the individual in custody's primary language is ASL.

3. Individuals in custody in Administrative Detention shall receive recreational and out of cell time opportunities commensurate with those afforded to individuals in custody in general population and according to schedule.

4. A minimum of one hour of exercise outside of the cell five days per week, shall be provided to every individual in custody who has been placed in Administrative Detention. This shall include indoor and outdoor recreation as scheduled.

5. In no event, shall any mentally ill individual in custody in Administrative Detention for more than 60 days be provided less than ten hours of structured and ten hours of unstructured out of cell time total per week.

6. Individuals in custody on the mental health caseload shall have treatment objectives outlined in their Individual Treatment Plan within 7 days of placement and updated every 90 days thereafter.

7. A DOC 0586 shall be posted immediately adjacent to the cell door of the individual in custody unless the physical layout or the operation of the unit makes it impractical to do so and the alternate placement is approved by the CAO.

8. The following activities and reviews shall be noted on the DOC 0586:

  a. The individual in custody's name, number, assigned cell, date in and regular housing unit shall be documented and shall be continued on subsequent pages where indicated.

  b. For each day, staff shall write the date and time that each privilege was offered to the individual in custody. Staff shall indicate whether the individual in custody accepted,

| | Illinois Department of Corrections<br>Administrative Directive | Page **18** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

    refused or if the privilege was lost or not scheduled for that time period.

    **NOTE:** Staff shall also mark if an individual in custody is released or transferred.

  c. Whether or not linen exchange was provided, clothing exchange was provided, cell cleaning and barbering services were available.

  d. Staff shall document all activities for that shift by placing the date, time and initials in the appropriate box.

  e. The DOC 0586 shall be maintained in the applicable Administrative Detention Unit for a period of no less than five years from the last date of entry.

**P.**  **Training and Post Assignment**

 1. Each IDOC facility shall establish selection criteria for staff assigned to Administrative Detention units. The criteria shall include specialized training that staff shall receive prior to being assigned to Administrative Detention, the requirements for supervisory staff assigned to Administrative Detention, and a requirement to ensure staff are rotated on a scheduled basis. At a minimum, selection criteria shall include:

  a. A minimum of two (2) years of experience in a correctional security title in an IDOC correctional facility;

  b. A system of rotating staff out of Administrative Detention post assignments no less frequent than every six (6) months shall be approved by the respective Deputy Director;

  c. A requirement for staff removed from Administrative Detention post assignments to be removed for no less than ninety (90) days prior to reassignment to Administrative Detention, unless extenuating circumstances exist; and

  d. Any deviation from the above listed selection criteria must receive written approval from the respective Deputy Director.

 2. All correctional staff shall receive training specific to strategies that may be used to deter negative behavior (i.e., increase searches, supervisory rounds, an increase in security awareness, monitoring of cameras, programming opportunities, prosocial activities and incentives for good behavior).

 3. Compliance with Administrative Detention policies shall be reflected in appropriate staff members' job performance evaluations in accordance with Administrative Directive 03.03.110.

|  | Illinois Department of Corrections<br>Administrative Directive | Page **19** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |

**Attachment A**

| | |
|---|---|
| **Recreation / Yard** | Same as individuals in custody in general population, except mentally ill individuals in custody in Administrative Detention for more than 60 days shall be provided no less than 10 hours structured and 10 hours unstructured out of cell time total per week. |
| **Visits** | Seven 2-hour visits per month (with Meet & Greet as security measures allow) |
| **Telephone** | Same privileges individual in custody had prior to placement in Administrative Detention. (legal calls shall not be restricted) **Regardless of grade custodial parents shall be permitted at least one 15-minute phone call per week for verification of the wellbeing of his or her minor dependents. |
| **Audio/Video Items** | Same privileges individual in custody had prior to placement in Administrative Detention |
| **Property** | Permitted property in accordance with AD 05.10.110; with food items |
| **Commissary** | A & B: Same as general population<br>C Grade: One shop per month ($30 max) |
| **Educational Programming** | ABE and HSE materials and HSE testing as approved by CAO and Education Facility Administrator |
| **Library, Law Library, and Legal Services** | Library (reading materials) and Law Library access and access to personal and reference legal materials |
| **Religious Services** | Services at cell front, or in a congregate setting if available and permitted |
| **Housing Assignments** | Subject to Double Celling |
| **Meals** | In cell, or in a congregate setting if available and permitted. |
| **Showers and Shave** | Same as individuals in custody in general population |
| **Laundry** | Weekly |
| **Mail (includes writing and receiving letters)** | Daily – same as individuals in custody in general population |
| **Barber/Hair Care** | Same as individuals in custody in general population |
| **Bedding/Linen Cleaned or Exchanged** | Same as individuals in custody in general population |

| | Illinois Department of Corrections<br>Administrative Directive | Page **20** of **20** |
|---|---|---|
| Number:<br>05.12.101 | Title:<br>Administrative Detention Placement | Effective:<br>6/1/2023 |