UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON FILLMORE,              ) | |
|                                     )  | |
| **Plaintiff,**              ) | |
|                                     ) | |
| vs.              ) | Case No. 3:22-cv-02705-GCS |
|                                     ) | |
| LATOYA HUGHES              ) | |
| MELLISA WISE,              ) | |
| and              ) | |
| PERCY MYERS,              ) | |
|                                     ) | |
| **Defendants.**              ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Aaron Fillmore, a former inmate in the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). On March 28, 2025, the Court granted summary judgment in favor of Defendants and against Plaintiff. (Doc. 129). Judgment reflecting the same was also entered. (Doc. 130). Now pending before the Court are Defendants Wise's and Myers's Bill of Costs, filed on April 1, 2025, seeking $458.70 in costs, (Doc. 131), and Defendant Hughes's Bill of Costs, filed on April 7, 2025, seeking $1,010.75 in costs. (Doc. 133). Plaintiff filed objections on April 16, 2025, (Doc. 137), on April 25, 2025, (Doc. 139) and on May 2, 2025. (Doc. 142).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. FED. R. CIV. PROC.

54(d)(1). "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) (citing *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)). When awarding costs, the Court considers whether the costs are recoverable and whether the amount sought is reasonable. *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). However, before awarding costs, the Court must determine whether the party seeking costs was a "prevailing party" for purposes of the rule. *See* FED. R. CIV. PROC. 54(d)(1). "The losing party has the burden to affirmatively show that the prevailing party is not entitled to costs." *M.T. Bonk Co. v. Milton Bradley, Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

Here, Defendants seek $458.70 and $1,010.75, in costs for fees relating to Plaintiff's deposition transcript. (Doc. 131, p. 1; Doc. 133, p. 1). The transcript was used at the summary judgment stage. Defendants are clearly the prevailing party as they prevailed on summary judgment, and judgment was entered in their favor. (Doc. 129, 130). However, the Court, in its discretion, declines to issue the costs they seek. The denial of costs may be warranted if the losing party is indigent and has no present or future ability to pay. *See Rivera*, 469 F.3d at 634-635. Plaintiff was incarcerated during the entire pendency of this litigation and his trust fund account for the last six months reveals that he has $353.48. (Doc. 143). Because of his continued incarceration status (Plaintiff is

currently incarcerated in New Mexico), the Court finds that Plaintiff is indigent and incapable of paying the costs at any time in the near future. Thus, the Court **DENIES** Defendants' Bill of Costs. (Doc. 131, 133).

**IT IS SO ORDERED.**

**DATED: May 14, 2025.**

Digitally signed by Judge Sison
Date: 2025.05.14 10:46:32 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**