UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON FILLMORE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 3:22-cv-02705-GCS |
| | ) |
| LATOYA HUGHES, et al., | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

INTRODUCTION AND BACKGROUND

Pending before the Court is Plaintiff's objections and motion to alter or amend the judgment. (Doc. 135). Specifically, Plaintiff moves the Court to alter or amend the Court's March 28, 2025, Memorandum & Order denying Plaintiff's motion for summary judgment and granting summary judgment in Defendants' favor and the March 28, 2025, Judgment reflecting the same. *See* (Doc. 129, 130). Defendants oppose the motion. (Doc. 136). Based on the reasons delineated below, the Court **DENIES** the motion.

Plaintiff, a former inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brought this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was housed at Lawrence Correctional Center. In his complaint, Plaintiff alleged that he has suffered from problems with his left wrist and arm since 1982. (Doc. 1, p. 3). Specifically, he suffers a loss of motion, rotation, function, etc., with his left

arm, and his left arm is three inches shorter than his right arm. *Id.* at p. 3-4. In 2009, he was diagnosed with arthritis in his right shoulder. These combined conditions cause Plaintiff significant pain when he is handcuffed behind his back. Until 2018, Plaintiff was never cuffed behind his back. In 2018, policies changed such that Plaintiff needed a medical permit for "alternative cuffing." From January 22, 2018, until August 15, 2022, Plaintiff had an alternative cuffing permit. *Id.* at p. 4, 9-10. On July 25, 2022, Plaintiff alleges that Defendant Wise refused to renew his cuffing permit out of retaliation for grievances that Plaintiff had filed about medical care. *Id.* Without the permit, Plaintiff must be cuffed behind his back to move about the facility for amenities such as shower, yard, work as a porter, law library time, and the like. Plaintiff alleges that handcuffing behind his back is the only option, and it causes him great pain, thus making access to amenities impossible.

## DISCUSSION

A motion under Rule 59(e) must be filed "no later than 28 days after the entry of judgment/order to be timely. This time limit is unyielding." *Banks v. Chicago Bd. of Education,* 750 F.3d 663, 666 (7th Cir. 2014) (citations omitted). The Court cannot extend the 28-day deadline imposed by Rule 59(e). *Id.* (citing FED. R. CIV. PROC. 6(b)(2); *Justice v. Town of Cicero, Ill.,* 682 F.3d 662, 664-665 (7th Cir. 2012)). Altering or amending through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the wholesale disregard,

misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and internal quotations omitted). Rule 59(e) permits the Court to alter or amend judgments upon motion filed no later than 28 days after the date of entry.

A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015) (citations and internal quotations omitted). The motion is not an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

Here, the Court finds that there is no manifest error of law or fact under the standard set forth under Rule 59(e). Obviously, Plaintiff takes issues with the Court's decision to deny his motion for summary judgment and grant Defendants' motions for summary judgment. Essentially, Plaintiff argues that the Court's finding that Plaintiff "claims it hurt when he was cuffed behind the back" and that Plaintiff did not allege "that he was physically unable to be cuffed behind his back" is a manifest error of fact. The Court disagrees. Plaintiff does not allege that it was physically impossible to be cuffed behind the back, just that it caused him discomfort. Plaintiff's own deposition testimony refutes his argument. Specifically, Plaintiff testified to the following.

> Q. So you've never been cuffed behind your back with single handcuffs?
> A. I have for short periods, like emergency with a chain handcuff, which is longer than the link handcuff. That's only from point A to point B real quick, but I can't be like that for long periods of time.

(Doc. 108-3, p. 115).

> Q: So when they told you – they would come to your cell, tell you that you need to cuff up behind your back, and then did you refuse to cuff up behind your back because you said you couldn't?
> A. Yeah. I couldn't, so I was denied that program, so . . .
> Q. Okay. But I'm, again, talking very specifically just about that interaction. So they would come to your cell because you requested to go to the law library kiosk, for example, and they would tell you to cuff up behind your back. And then what is your response to them to that request.
> A. I couldn't because I had injury and a disability and it caused serious tormenting pain if I was cuffed behind my back and cause me further injury.

(Doc. 108-3, p. 96).

Clearly, the Court did not overlook significant facts that would have changed the outcome of the undersigned's decision. The Court remains convinced of the correctness of its decision. There has not been a wholesale disregard for, misapplication of, or failure to recognize controlling precedent. Instead, this is an instance where the losing party is disappointed by the outcome. This alone is insufficient to warrant a reversal.

## CONCLUSION

For the above-stated reasons, the Court **DENIES** Plaintiff's objections and motion to alter or amend the judgment. (Doc. 135).

**IT IS SO ORDERED.**

**DATED:  September 10, 2025.**

*Digitally signed by Judge Sison*
*Date: 2025.09.10 13:15:15 -05'00'*

**GILBERT C. SISON**
**United States Magistrate Judge**